SAMUEL HOUSTON v. MICHAEL C. DUNN.

Where an action is brought on the judgment of a Court of record of another State, and the transcript of the judgment shows that a summons was issued, which commanded the Sheriff to summon the defendant, if to be found in the county, to be and appear, &c., and the summons is returned by the Sheriff "Came to hand and executed, September 13th, 1852," the service must be taken, *prima facie*, to have been legal service.

Where an action is brought on the judgment of a Court of record of another State, and the record recites that by consent of parties the name of a plea was received for the plea itself, and the entry of judgment recites that the parties appeared by their attorney, &c., the transcript is *prima facie* evidence that the defendant did appear.

If the transcript of a judgment of a Court of record of another State is properly certified, and it appears therefrom, however informally, that the Court had jurisdiction of the persons of the parties and of the subject matter, and rendered judgment therein, the transcript entitles the plaintiff, *prima facie*, to a recovery.

Error from Walker. Action by defendant in error against plaintiff in error, on a transcript of a judgment of a Circuit Court at Nashville, in Tennessee, rendered at May Term, 1853. A transcript of the judgment was filed with the petition. It appeared from the transcript that the plaintiff brought his action in Tennessee, in September, 1852. The summons commanded the Sheriff to "summon Samuel Houston if to be found in your county, to be and appear," &c. Summons returned "Came to hand and executed September 13th, 1852." The plaintiff declared on a written obligation dated June 8th, 1839, for $716 89, and claimed $600 damages for detention.

After the declaration or complaint came this entry, "And by consent of parties the following entry was made, Plea payment and issue." Then, "And afterwards to-wit: at the " May Term, 1853, to-wit: on the 9th day of May, 1853, the " parties appear by their attorneys," &c. Jury trial and verdict and judgment in favor of the plaintiff for his debt, damages and costs. The transcript was certified to be " a correct transcript of the record and proceedings," &c., " as the same remain of record in said Court."

The defendant excepted to the petition, 1st. It does not appear from said transcript, that there was any issue joined between the parties.

2nd. It does not appear from said transcript that the defendant appeared by himself or attorney, or filed any plea, demurrer or exceptions thereto.

3rd. Said pretended transcript does not show that any legal service of citation or summons was had upon said defendant.

There were other objections going to the regularity of the proceedings in Tennessee, and the sufficiency of the transcript. And for further answer defendant denied all and singular, &c.

The exceptions of defendant were overruled ; cause submitted to Judge without a jury; judgment for plaintiff. No statement of facts.

*Yoakum & Branch,* for plaintiff in error. In this case the transcript of the judgment sued on, is made part of the petition, wherefore the plea *nul tiel* record is not pleaded, but the defects of the judgment are pointed out in the exceptions.

Transcript of a record of a judgment is not admissible in evidence, unless it have the pleadings. (Doe v. Smith, 4 Blackf. 228.) True, the Clerk says "and by consent of parties the following entry was made, plea, payment and issue." Is this the recital of the Clerk or does he take it from the record? It is manifestly a recital of his own, and not from the record, and can form no part of it. (Hill v. Fiernam, 4 Miss.

316; Fugate v. Glasscock, 7 Miss. 577; Polhemus v. Perkins, 3 Gran. 435.) But if the whole of the sentence be part of the record, and not the recital of the Clerk, it is in law a mere nullity. As to the plea at Common Law, it should set forth the fact of payment *ad diem*, or *post diem*, in whole or in part, and conclude with a verification, and the plaintiff follow with his replication. Such short handed pleadings are not law in Tennessee, Texas or any Court of record. We say then, that the record falsifies itself, for it was not a judgment upon issue joined.

In Tennessee it has been decided that entries in an action such as "plea, payment, set-off and replication" do not constitute pleas, and will be treated as nullities by the Court. (Webber v. Houston, 6 Yerg., 314.) In that case where the memorandum said, "1st, plea payment, 2nd, set-off," the Court said, if they were to be treated as no pleas to the action, then there was no issue to try, and the judgment should have been rendered *nil dicit*. "But a jury has passed and have found for the plaintiff." Say the Court "on what? not upon the issue for there was none." In concluding their opinion, the Court say "the whole is such a chapter of ambiguity that, to get rid of it, we reverse the judgment and remand the cause for a repleader in the Circuit Court." But the record before us says by way of recital, that the parties appeared by their attorneys. Who was the defendant's attorney? In a Court of record the attorney must appear on the record and in the pleadings.

His mere presence in the Court, without some written defence, would not hinder a judgment by default or *nil dicit*. We conclude, then, that either the whole of the record is not in the transcript, or that it is a fabrication in itself, without precedent in Courts of record, and insufficient to support this action.

As to the service in Tennessee, it is defective in not showing whether the party was served with a copy, personally or by publication.

The foregoing objections, then, to this *quasi* transcript, are

not captiously taken, but are presented here as a just defence against a stale demand which, in Tennessee, has survived the equitable claims of plaintiff in error, and we ask the Court in consideration of this fact, to require from the plaintiff below a better record of his judgment in Tennessee before he shall be enabled to recover.

*A. P. Wiley,* for defendant in error. The petition shows that the Court had jurisdiction of the cause of action and the person of the defendant at the date of its rendition, and the transcript shows that he was summoned to answer, appeared, and, by consent of parties, a plea of payment and issue thereon was entered upon the record, upon which issue of payment, the jury found in favor of the plaintiff, and a judgment of the Court was rendered on the verdict. The short pleading, at most, could only amount to an irregularity in the proceedings.

Judgments rendered on pleadings and issues in brief, have been frequently held good by the Courts of Tennessee on appeal, where it is the Common practice of the Court to allow, by consent of parties, this sort of pleading. (Meigs' Dig., Vol. 2, 803, 804; Chambers v. Brown, Cooke, 292, 293; 1 Humph. 90–93; 3 Id. 84; 5 Id. 559, 560; 4 Yerg. 565, 566; 5 Id. 16–18; 9 Id. 20, 24; Peck, 194, 195.) In the case of Boyers v. Pratt it is expressly laid down "that if a party to "a suit will receive the name of a plea for a plea, it shall be "considered as well pleaded, if he will receive the word "re-"plication," for a replication it shall be held to be a replica-"tion suitable to the defence made." (1 Humph. R. 90–93.) Defendant in error asks damages for delay.

WHEELER, J. The process, by which service was made in Tennessee, required personal service; and the return must be taken to be evidence of such service. But if the service was defective, it was cured by the appearance of the parties, by their attorneys; of which the judgment affords evidence.

If we were authorized to entertain an appeal directly from the judgment rendered in Tennessee, it might become necessary to revise the judgment in reference to the several objections urged to the regularity and legality of the proceedings. But in a suit upon it, the judgment is conclusive of those questions. Until reversed and set aside, or annulled, by a proceeding having that object directly in view, there can be no question, the judgment was valid, and conclusive, between the parties to it, in Tennessee, of the matters therein adjudged. And its effect is the same in this State. (Reid v. Boyd, *Supra*.) The judgment is affirmed.

Judgment affirmed.