## Charles Wolf v. L. A. King.

Decided February 1, 1908.

**1.—Evidence—Judgment of Other State—Proof.**

The judgment of another State may be proved by an examined copy, as at common law, or by a certified copy as provided by section 905 of the statutes of the United States. A copy of such a judgment certified by the clerk alone and not accompanied by a certificate of the judge of the court that the attestation was in due form, is not competent evidence.

**2.—Deed—Recital of Consideration—Proof of True Consideration.**

Although a deed recites a valuable consideration it is competent to prove by testimony or circumstances that it was in fact a deed of gift.

**3.—Same—Declarations of Ancestor.**

One claiming land as an heir cannot testify to the declarations of the ancestor tending to prove that the land was the separate property of the ancestor.

Appeal from the District Court of Dallam County. Tried below before Hon. J. N. Browning.

*Sidon Harris,* for appellant.—Under United States Revised Statutes, articles 905 and 906, the decree of the District Court of Kansas, to be admissible as evidence in the courts of Texas, must be certified to by the clerk and authenticated by the judge of the Kansas court. No other provision of law is in force upon the subject.

The court erred in permitting the plaintiff to testify, over the objections of the defendant, as to declarations and statements claimed by him to have been made by James Ice and wife and Laura Sanders as to the alleged deed by said Ice and wife to said Sanders, being a deed of gift to her, because the same is hearsay and self-serving in character and because inhibited by article 2302 of our Revised Statutes, this being a suit by plaintiff as heir of said Laura Sanders and daughter of said Ice and wife. James v. James, 81 Texas, 373; Simpson v. Brotherton, 62 Texas, 171; Parks v. Caudle, 58 Texas, 216.

*Reese Tatum,* for appellee.—The court was correct in his ruling in permitting the testimony of plaintiff. Newton v. Newton, 77 Texas, 508; Lumpkins v. Coates, 42 S. W. Rep., 580.

STEPHENS, Associate Justice.—This suit was brought by the appellee in behalf of his wife to recover from appellant two-tenths of nine hundred and sixty acres of land in Dallam County, and resulted in a judgment in appellee's favor, from which this appeal is prosecuted.

Laura J. Sanders, who died February 5, 1901, intestate and without issue, was the common source of title, the wife of appellee, who was a sister of Laura J. Sanders, claiming by inheritance and appellant claiming under a deed from the mother of Laura J. Sanders, which deed purported to convey the entire tract of land, and not merely the interest inherited by her from her daughter.

It became a material inquiry on the trial whether or not Laura J. Sanders left a surviving husband, and that depended on whether or not she had been divorced from her husband, Joseph H. Sanders. In order to establish that she had been divorced appellee offered a decree purporting to have been rendered by a court in the State of Kansas, as shown by a certified copy under the hand and seal of the clerk of that court, but this certificate was not accompanied with a certificate of the judge of the court that the attestation of the clerk was in due form, as provided in section 905 of the statutes of the United States. Appellant therefore objected to its admission in evidence, but the objection was overruled and the certified copy admitted.

The judgment of another State may be proved by an examined copy, as at common law, or by a certified copy, as provided in the Act of Congress above referred to. Neither of these methods was adopted in this instance. If there is any Texas statute providing for the admission of a certified copy of the judgment of another State, it has not been cited by the appellee and we have no knowledge of it. We must therefore hold that in admitting the certified copy in this instance on the attestation of the clerk merely, the court acted without authority either of the common law or of any statute.

Several other rulings are complained of, but inasmuch as many of them were immaterial in view of the common source of title, and as the objections may be easily obviated on another trial, we need not discuss them.

As to the rulings under which testimony was admitted tending to prove that the deed which passed the title to Laura J. Sanders was a deed of gift, we think it was competent to prove by the declarations of the father of Laura J. Sanders and by other circumstances that the deed made by him to Laura J. Sanders, although it recited a consideration of two thousand dollars, was in reality a deed of gift. The declarations of Laura J. Sanders, however, could not be proved by one suing as her heir, contrary to the statute on that subject.

Because of the error above pointed out the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*