WALLACE v. SCHNEIDER et ux. (No. 944.)

(Court of Civil Appeals of Texas. Amarillo. March 15, 1916. Rehearing Denied April 12, 1916.)

1. EVIDENCE ☞367 — DOCUMENTARY EVIDENCE—JUDGMENT OF OTHER STATES—ADMISSIBILITY.

In an action to recover on a judgment of another state, proof by witness of the attached copy as a compared copy of the judgment on the original docket of the court of such state is admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1343; Dec. Dig. ☞367.]

2. JUDGMENT ☞826—FULL FAITH AND CREDIT—FOREIGN JUDGMENT—COURTS OF LIMITED JURISDICTION.

In seeking recovery on a judgment of another state it is necessary only to show that the court rendering such judgment had jurisdiction of the parties and the subject-matter, and that a judgment was rendered, and it is not necessary to prove that the judgment is still in force in the state of its rendition.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1171, 1452; Dec. Dig. ☞826.]

3. JUDGMENT ☞826—FULL FAITH AND CREDIT—FOREIGN JUDGMENT—COURTS OF LIMITED JURISDICTION.

In seeking recovery on the judgment of a court of limited jurisdiction of another state. where the creation by statute of an inferior court is proved, and the judgment rendered in such court is proved, showing affirmatively jurisdiction of the person, it is on the same plane as if rendered by a court of general jurisdiction.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1171, 1452; Dec. Dig. ☞826.]

4. JUDGMENT ☞822(3)—FOREIGN JUDGMENT.

Where a judgment is recovered in one state, if proof is made that it was rendered by a court having jurisdiction of the cause and of the parties, it is not re-examinable upon the merits.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1500; Dec. Dig. ☞822(3).]

Appeal from Gray County Court; Siler Faulkner, Judge.

Action by E. M. Wallace against Alex Schneider and wife. From a judgment for defendants, plaintiff appeals. Reversed, and judgment rendered.

Chas. C. Cook, of Pampa, for appellant. Hoover & Dial, of Canadian, for appellees.

HENDRICKS, J. Wallace sued the Schneiders to recover upon a Kentucky judgment obtained against them in the Franklin

quarterly court of Franklin county, Ky., in the year 1908, for the sum of $152.76, 6 per cent. interest, and costs of suit. Upon recovery in the justice court the defendants appealed to the county court, and answered that plaintiff did not have a valid and subsisting judgment against them. The county court found that the judgment was not a valid, binding, and subsisting judgment against the defendants, for the reason that it is not shown to be one that could have been enforced "at this time, under the laws of the state of Kentucky."

The Franklin quarterly court of Kentucky is a court of limited jurisdiction. The plaintiff proved by the judge of that court that he had examined the docket, and in his testimony describing the judgment he attached a correct compared copy of the same to his deposition. That part of the judgment we are concerned with reads:

"This cause coming on for hearing, by agreement the matters of law and fact were submitted to the court, and, the court being sufficiently advised, it is adjudged that the plaintiff recover of the defendants, Alex Schneider and Lena Schneider, the sum of $152.76, with interest thereon at the rate of 6 per cent. per annum from July 27, 1908, until paid, and for the costs herein expended."

He also proved by the statute of Kentucky the judicial character of the quarterly courts of that state, their jurisdiction in civil cases, and other features in connection therewith unnecessary to mention.

[1] The proof by the witness of the attached copy as a compared copy of the judgment on the original docket of the court of that state was admissible evidence for said purpose. Wolf v. King, 49 Tex. Civ. App. 41, 107 S. W. 617; St. Louis Expanded Metal Fire Roofing Co. v. Beilharz et al., 88 S. W. 512; Harvey v. Cummings, 68 Tex. 599, 5 S. W. 513; Tourtelot v. Booker, 160 S. W. 293.

[2] The position of appellees is that in a court of limited jurisdiction, as to a judgment rendered therein, in order to form the basis of a judgment in this state, it must be shown that the judgment continues to be a valid and subsisting one under the laws of the foreign state in which it was rendered. All that that statement could mean is that such judgment, under the federal law, shall only have such faith and credit in another court within the United States as it would have by law or usage in the state in which such judgment was taken. To require that the law of the state in which the judgment was taken must be proved to the extent that it must be shown that the same continues to be a valid judgment in Kentucky, as demanded by appellant as a condition of recovery, is not the law. Appellant's authorities do not sustain such a position.

The case of Beal v. Smith, 14 Tex. 307–311, opinion by Justice Wheeler, exhibits the extent of proof in complying with the full faith and credit clause as to the judgment of another state where it is rendered by a court of limited jurisdiction. He had under consideration a judgment rendered in a justice court in the state of Georgia. He said:

"In order, therefore, to show what effect was given to those judgments by the local law, and consequently, what faith and credit or what effect would be given to them in this state, it was necessary to have produced and proved the statute by which their jurisdiction and powers were conferred."

He suggests that, if a justice court in the state of Georgia were elevated to the character and dignity of courts of record, a different question would have been presented, meaning, of course, the transcript of the judgment of a court of general jurisdiction would prove itself. The Supreme Court bases its opinion in that case upon the case of Thomas v. Robinson, 3 Wend. 268, by the then Supreme Court of New York. Judge Sutherland said in that case, that, if the statute of Pennsylvania were produced showing the creation of the justice courts of that state, and, if the statute also "showed that the subject-matter of the suit was within the jurisdiction of a justice's court, and the proceedings appeared from the record to have been in conformity with the directions of the statute, then it would be entitled here [New York] to full faith and credit."

Justice Gray of the Supreme Court of the United States, in the case of Hanley v. Donoghue, 116 U. S. 5, 6 Sup. Ct. 244, 29 L. Ed. 537, in speaking of the full faith and credit clause of the Constitution, as well as the act of Congress, said that, if an authenticated judgment "appears upon its face to be a record of a court of general jurisdiction, the jurisdiction of the court over the cause and the parties is to be presumed unless disproved by extrinsic evidence or by the record itself."

[3] When you prove by the statute of another state the creation and jurisdiction of an inferior court, and then prove the judgment rendered therein (in this case an agreed judgment), showing affirmatively jurisdiction over the person, it is on the same plane, in so far as we are able to ascertain, as if rendered by a court of general jurisdiction. Volume 23, Cyc. p. 1593, and cases cited. The position assumed by appellees, requiring proof that this judgment continued to be a valid judgment, and enforceable in the state rendered, is not further incumbent upon plaintiff, after having shown the court existed and had the jurisdiction to render the particular judgment.

[4] When a judgment is recovered in one state, if proof is made that it was rendered by a court having jurisdiction of the cause and of the parties, neither is the same re-examinable upon the merits. United States Supreme Court case supra, 116 U. S. 1, 6 Sup. Ct. 242, 29 L. Ed. 537.

The county court was wholly wrong in the rendition of its judgment in this cause, and on account of the uncontradicted nature of

the proof, as well as the improbability of any character of defense that could be legally adduced against it, we reverse and render the judgment, and render such judgment as the county court should have rendered in the cause; that is, for the amount of the foreign judgment, the interest thereon, and the certified costs in said cause.

Reversed and rendered.