NEASE v. BROADWATER MERCANTILE CO. (No. 6081.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 6, 1918. Rehearing Denied Nov. 27, 1918.)

1. APPEAL AND ERROR ⚫==907(3) — MATTERS REVIEWABLE—FINDINGS OF FACT.

In the absence of a statement of facts or findings of fact by the court, or a proper bill of exceptions showing the assertions made, a judgment must be taken on appeal as proved.

2. EVIDENCE ⚫==366(5) — JUDICIAL PROCEEDINGS IN OTHER STATES—AUTHENTICATION.

Rev. St. U. S. § 905 (U. S. Comp. St. 1916, § 1519), requires a judge's certificate as well as attestation by clerk, to entitle transcript of foreign court proceedings to be introduced in evidence.

3. EVIDENCE ⚫==158(5) — JUDICIAL PROCEEDINGS OF FOREIGN COURTS—PAROL PROOF.

The judicial proceedings of a foreign court may be proven, as at common law, by testimony of competent witnesses.

4. APPEAL AND ERROR ⚫==691—MATTERS REVIEWABLE—FINDINGS OF FACT.

Where there is neither a statement of fact nor a finding of facts by court, and a bill of exception fails to negative that there was other evidence, it cannot be said, from the mere fact that an improper authenticated transcript was admitted in evidence, that a judgment of a foreign court was not proven by competent testimony.

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Suit by the Broadwater Mercantile Company against D. A. Nease. Judgment for plaintiff, and defendant appeals. Affirmed.

Augustus McCloskey, and Taliaferro, Cunningham & Birkhead, all of San Antonio, for appellant.

Jay Minter and James W. Brown, both of San Antonio, for appellee.

SWEARINGEN, J. This suit was filed in the district court, Fifty-Seventh judicial district of Texas, by the Broadwater Mercantile Company as plaintiff, against D. A. Nease as defendant. Plaintiff alleged in its petition that it is a foreign corporation, the basis of plaintiff's cause of action being alleged:

"That the defendant is justly indebted to plaintiff in the sum of $756.43 with interest thereon at the rate of 6 per cent. per annum from September 25, 1912, for this: That on September 25, 1912, plaintiff recovered judgment against said defendant in the circuit court of Barbour county, W. Va., for the sum of $756.-43, with interest thereon from said date at the rate of six per cent. per annum, which said judgment has never been paid or satisfied either in whole or in part, and is still in full force and effect, and that though often requested said defendant has failed, neglected, and refused to pay said judgment or any part thereof. That said defendant is not a resident of the state of Texas, but owns land in Bexar county, Tex., subject to attachment and execution sufficient to satisfy said judgment."

Plaintiff's prayer for relief being as follows:

"Wherefore plaintiff prays for citation to said defendant and for a writ of attachment to be levied on sufficient of defendant's property to make the amount of plaintiff's debt, with interest and costs, and that the lien created by said attachment be foreclosed, and for all such other relief, general or special, as in either law or equity plaintiff may be entitled to, and as in duty bound plaintiff will ever pray."

The writ of attachment prayed for was issued on the 13th day of February, 1917, and levied the same day on the property therein described.

The defendant answered by general demurrer and special exception and a general denial of the allegations of plaintiff's petition, a special denial of the allegation that he was a resident of Missouri, an allegation that he was at all times a resident of the city of San Antonio, and a further denial of the indebtedness claimed by plaintiff, and the allegation that, if any judgment was recovered as alleged by plaintiff, same was void and a nullity, in that no service was had upon defendant in such suit, and also a denial of the ownership of the property upon which the writ of attachment sued out was levied, and the further allegation that the writ of attachment was maliciously sued out whereby defendant's credit was damaged, etc.

Upon the trial before the court without a jury on November 30, 1917, the general demurrer and special exception were overruled, and judgment was rendered for plaintiff, as prayed, together with foreclosure of the attachment lien.

[1] There is no statement of facts and finding of fact by the court, which requires us to overrule the second and third assignments. The second assignment contends that there was no testimony to show the amount of the indebtedness claimed, and the third asserts that the undisputed evidence proved that the property attached did not belong to appellant. In the absence of a statement of facts or findings of fact by the court, or a proper bill of exceptions showing the assertions made, the judgment must be taken by us as proved.

[2] The first assignment is that the court erred in admitting in evidence over timely objection the foreign judgment, which is the basis of appellee's suit, and the transcript of the foreign court's proceedings resulting in that judgment. The objection was that the foreign judgment and proceedings were not properly authenticated. The bill of exception shows that the judgment and proceeding were attested by the clerk of the foreign court, but that there was no certificate of the judge, etc., of said court that said attestation was in due form. The federal statute, for authentication of judicial proceedings, requires the judge's certificate, as contended by appellant and supported by his citation of authorities. Rev. St. § 905 (U. S. Compiled Statutes 1901, vol. 1, p. 677; U. S. Comp. St. 1916, § 1519); Wolf v. King, 49 Tex. Civ. App. 41, 107 S. W. 617.

[3, 4] However, the proceedings could have been proven, as at common law, by the testimony of competent witnesses. Tourtelot v. Booker, 160 S. W. 293, § 5. So far as the record before us shows, the proceedings of the foreign court may have been proven by the testimony of competent witnesses. There is neither a statement of facts nor a finding of the facts by the court, as previously stated, and an examination of the bill of exception fails to negative that there was evidence other than the improperly authenticated proceedings. "The rule is of long standing that a party desiring to present for revision a ruling of the character involved in this case must do so by bill of exception which in terms is so specific as to point out the precise error intended to be relied upon, and that it should state the facts so as to exclude any reasonable conclusions of fact other than those stated upon which the decision could be maintained. Houston v. Perry, 5 Tex. 462; Sadler v. Anderson, 17 Tex. 246; Anderson v. Anderson, 23 Tex. 641; Hill v. Cunningham, 25 Tex. 32; and Knights of Golden Rule v. Rose, 62 Tex. 322." Curry v. York, 3 Tex. 357.

The judgment is affirmed.