## BOZEMAN v. ARLINGTON HEIGHTS SANITARIUM.

### No. 12779.

Court of Civil Appeals of Texas. Dallas.

Oct. 21, 1939.

Rehearing Denied Nov. 18, 1939.

Levy & Evans, of Fort Worth, for plaintiff in error.

Crane & Crane, of Dallas, and R. H. Piland, of Fort Worth, for defendant in error.

BOND, Chief Justice.

This suit was instituted in a district court of Dallas County by Arlington Heights Sanitarium, a corporation, against Irene Judd Bozeman, individually and as independent executrix of the estate of James D. Bozeman, deceased, and Carl Smith, Sheriff of Tarrant County, Texas, in the form of a bill of review to set aside a judgment by default, rendered in the same court in a prior suit; and to restrain a sale of property belonging to the Sanitarium under an execution then in the hands of the sheriff.

The petition in the instant case shows a meritorious defense to the prior suit, sufficient to set aside the judgment, if same was available in this action. We consider that this appeal hinges upon the service of citation had in the prior suit, to confer jurisdiction upon the trial court. If the court did not have jurisdiction of defendant. because of a lack of proper service

on it, the judgment was void and subject to be vacated in this action; otherwise, if service was complete, the defense urged would not be available.

The matters involved herein resulted from the following facts: On June 7, 1935, Irene Judd Bozeman filed, in the district court of Dallas County, a suit against Arlington Heights Sanitarium, to recover upon certain indebtedness alleged to be due her on account of services rendered the corporation by her deceased husband. Citation was duly issued, addressed to Tarrant County, requiring the defendant therein, Arlington Heights Sanitarium, a corporation, to appear and answer in the suit; and, in due time, the citation was placed in the hands of one Ike Boyd, deputy constable of precinct No. 1 of Tarrant County, who made the following return thereon: "Sheriff's Return. Came to hand on the 10th day of June 1935 at 11 o'clock, A. M. by leaving a true copy of this writ on the desk of Julia Jackson Cox, at the principal office in Fort Worth, Texas, during office hours, she being the Manager and Agent in charge of Arlington Heights Sanitarium, a corporation, the within named defendants, together with a certified copy of plaintiff's original petition. John F. Shaw, Constable, Pre. 1, Tarrant County, by Ike Boyd Deputy."

On July 9, 1935, the cause coming on regularly for trial, the defendant having made no appearance, judgment by default was rendered for plaintiff and against defendant, in the sum of $3,435.75, together with interest and costs of suit. On January 28, 1936, a writ of execution was issued on the judgment and placed in the hands of the sheriff of Tarrant County, who levied execution on real estate in Tarrant County, belonging to the Sanitarium, and advertised the same for sale. This suit was thereafter filed.

As stated above, the primary question before this Court is the force and effect that can be given to the action of the officer in serving the citation by leaving a true copy of the writ at the place indicated in the sheriff's return. The contention is that the office was not the principal office of the corporation, that Julia Jackson Cox was not the manager and agent in charge of its property, and that, without notice of the pendency of the suit or the judgment rendered, the attempted service, in the manner alleged, conferred no jurisdiction on the court to render judgment.

The undisputed evidence is that, at the time the attempted service was made, the Arlington Heights Sanitarium had ceased to exercise its charter business, was not using the premises where the copy of the writ was left, and that it had no manager or agent on the premises. The record shows, without dispute, that the corporation was chartered under the laws of this State, had a designated corps. of officers, and a place of business in the City of Fort Worth, Texas. It was a sanitarium, chartered for the treatment of mental and nervous diseases, had two or more large brick buildings, properly furnished, and, in one, maintained offices fully equipped with desk, files, books, medicines, etc. On March 15, 1935, its President, Dr. Bruce Allison, then manager in charge of corporate affairs, tendered his resignation, closed the sanitarium, and turned its affairs over entirely to his brother, Dr. Wilmer Allison, who maintained offices in the Medical Arts Building, located in another part of Fort Worth. The office in the sanitarium, formerly used by the corporation, was never dismantled, but on the day the citation was left at the sanitarium, no business of the corporation was transacted there, and none had been since the closing of the sanitarium in March next preceding. Dr. Wilmer Allison, Vice-President and then General Manager of the corporation, after closing the sanitarium, moved the books and accounts to his own office in the Medical Arts Building, and thereafter transacted all business of the corporation at that place. The record shows affirmatively that at the time the citation was left at the sanitarium, Julia Jackson Cox and her sister, Bessie Jackson, trained nurses, were occupants of the sanitarium buildings, by permission of the corporation, taking care of a number of patients of their own,—an enterprise in which the corporation had no interest. Mrs. Bozeman lived on the premises of the sanitarium and was fully cognizant of the facts that the corporation had ceased to function as a sanitarium, that Dr. Bruce Allison, former Manager, had resigned and moved to the State of Colorado, and that Dr. Wilmer Allison was in charge of the corporate affairs.

It is a cardinal principle of our jurisprudence that no person shall be concluded by a judgment of a court, either in respect of his person or property, unless he has had an opportunity to be heard. In order for the court to have jurisdic-

tion to proceed to judgment in an action, citation must have been issued and served on the defendant in one of the ways authorized by law, unless he has voluntarily appeared, or accepted or waived process, or unless notice is otherwise dispensed with. In suits against any incorporated company, or joint stock association, citation may be served upon the president, vice-president, secretary, cashier, assistant cashier, or treasurer of such company or association, or upon the local agent of such company or association in the county where the suit is brought, or by leaving a copy of the same at the principal office of such company, during office hours. Art. 2029, R.S., Vernon's Ann.Civ.St. art. 2029. The object of a citation served in the way authorized by law is, to give to the court in which a petition has been filed jurisdiction over the person of the defendant, and to notify the defendant of the suit brought against him. It is for the sole benefit of the defendant, in order that he may have an opportunity to be heard—to have his day in court.

■ Alternate provisions of the statute authorizing service of citation in a civil suit, on an incorporated company or joint stock association, by leaving a copy of the writ at the principal office of such company during office hours, contemplate that the company or association, its officers or agents, would, in the ordinary course of events, find the writ, or would legally be charged with failure to do so. So, when a citation has been served on defendant, by leaving a copy of the writ at a time or place authorized by statute, but the plaintiff knew the defendant would not thereby be advised thereof, or, when the writ was left at a place not within the legal contemplation of the law, and not known to defendant until the final disposition of the case, the purpose of the law is obviously defeated.

■ The principal office of a corporation or association, within the clear purview of the statute authorizing service of citation by leaving a copy of the writ at its principal office during office hours, is the place where the principal affairs, business and otherwise of the company are transacted, and where the officers and agents of the company are expected to be in the performance of their duties for the company during office hours. Where the company has no principal office, has ceased to do business, and has abandoned the place where its principal affairs and business had theretofore been transacted, and its officers and agents perform no service for the company at the place where the writ was left, no legal presumption can arise that the defendant had notice of the suit. The Arlington Heights Sanitarium, while still a corporate entity, had ceased to exercise its corporate purposes, had closed its sanitarium and offices therein for the transaction of its affairs, and its officers and agents were no longer employed or engaged in the discharge of any duty for the corporation, at the time and place where the service was attempted.

■ Article 2029, R.S., providing for service of citation on a corporation by leaving a copy in the "principal office of the company during office hours", clearly contemplates that the corporation is a legal entity, and actively engaged in its affairs at the so-called "place of business", so that, if a citation were left there, it would, in all reasonable probability, be called to the notice of those in authority; and did not mean a place which had once been used by the corporation as its principal office, permanently abandoned and in disuse for several months. Under the spirit of the statute, the place must be such that the defendant, in the ordinary use thereof, would probably find the writ or be advised of the existence of the suit. Certainly the Legislature did not contemplate that, by leaving a copy of the writ at a place, known by plaintiff to have been abandoned,—the sanitarium closed, the books, accounts and affairs of the corporation removed to another location—the defendant would learn or be charged with knowledge that a suit had been brought against it. Under such circumstances, no valid service was ever had on the defendant, the defendant had a meritorious defense, the account in suit being barred by limitation; it had no notice of the cause of action until long after the judgment had been entered therein; and, on learning of the entry of such judgment, moved promptly to set same aside. Thus, the trial judge, recognizing the probative force of the undisputed disclosures and, notwithstanding the findings of the jury, that the place where the citation was left by the officer was the principal office of the corporation at that time, and that neither Mrs. Bozeman nor her attorneys were guilty of any fraud or concealment in the attempted service, to deprive Arlington Heights Sanitarium of the right to appear and defend

said suit, granted defendant in error's motion for judgment. We are in accord with the holding of the trial court; accordingly, the judgment is affirmed.

Affirmed.