## RYAN v. CITY NAT. BANK & TRUST CO. OF OKLAHOMA CITY, OKL.

### No. 2505.

Court of Civil Appeals of Texas. Eastland.

March 23, 1945.

Smith & Eplen, of Abilene, for appellant.
R. W. Haynie, of Abilene, for appellee.

GRISSOM, Justice.

City National Bank & Trust Company of Oklahoma City, Oklahoma, recovered judgment in the District Court of Oklahoma County, Oklahoma, against J. T. Ryan on February 9, 1943, for $1,064.24 plus interest and costs. That judgment recites that said defendant appeared in person and by his attorney of record; that a jury was waived; that written stipulations of the parties were offered in evidence; and that the defendant introduced evidence. The judgment concludes " * * * to all of which judgment of the court defendant excepts, and exceptions are allowed. It is further ordered that the costs of this action be taxed against the defendant, to which order of the court the defendant excepts, and exceptions are allowed." Said judgment was marked "OK" by the attorney for defendant. On August 20, 1943, said Bank instituted a suit against said defendant Ryan on said Oklahoma judgment in a District Court of Taylor County, Texas. In a trial to the court, judgment was rendered for the Bank against Ryan for $1,227.83, recited in the

748

judgment to be "the principal amount of its debt, interest to date of this judgment, and court costs, together with six per cent (6%) interest thereon from this date until paid, together with its costs herein." The defendant Ryan has appealed. The parties will be designated as they appeared in the trial court.

Defendant presents four points, as follows: The court erred (1) in admitting the Oklahoma judgment in evidence, because said judgment shows on its face that it is not a final judgment; (2) because it was not shown that the defendant in the Oklahoma and Texas judgments was the same person; (3) that the court erred in admitting in evidence the certificate of the clerk of the Oklahoma court showing the amount of costs incurred in said court, because such certificate is not a judgment nor part of a judgment and is not entitled to the same faith and credit accorded a judgment of a sister state; and (4) that there was no evidence of probative force to support said judgment.

Appellant's contention that the Oklahoma judgment shows on its face that it is not a final judgment, is based upon the heretofore quoted concluding portion of the judgment to the effect that defendant excepted and exceptions were allowed. We do not think that such recitals show the judgment was not final. If the action reflected is sufficient to constitute an appeal under the laws of Oklahoma, that fact is not shown by the evidence. In the absence of proof of what is necessary to perfect an appeal under the laws of Oklahoma, we presume that said law is the same as the Texas law. Van Natta v. Van Natta, Tex.Civ. App., 200 S.W. 907 (writ ref.); 26 Tex.Jur. 440; 25 Tex.Jur. 366; Commonwealth of Mass. v. Davis, Tex.Sup., 168 S.W.2d 216; Lubell v. Sutton, Tex.Civ.App., 164 S.W.2d 41 (writ ref.). In Texas the fact that the judgment recited that the defendant excepted to the judgment would not evidence lack of finality. Notice of appeal and the filing and approval of an appeal bond, or an affidavit in lieu thereof, are prerequisites of an appeal. Rules of Civil Procedure, rules 353, 354 and 356. See also 31 Am.Jur. 350, 353.

The contention that it was not shown that the defendant in the Oklahoma judgment and in the Texas case were the same person is overruled. A person with the same name as the defendant in the Oklahoma judgment filed an answer in the

Texas case that shows said parties are identical. Furthermore, "the identity of the person sued with the one against whom the judgment was recovered may be presumed if the names given in full are the same." 34 C.J. 1120, sec. 1594.

Appellant's contention, asserted in his fourth point, that there is no evidence of probative force to support the judgment appealed from is overruled. "The transcript of the judgment sued on is prima facie evidence of the recovery of the judgment, and, in the absence of any irregularities on the face of it, of everything necessary to sustain plaintiff's recovery * * *." 34 C.J. 1122, sec. 1596. See also Ferguson-McKinney Dry Goods Co. v. Garrett, Tex. Com.App., 252 S.W. 738; Houston v. Dunn, 13 Tex. 476; 31 Am.Jur. 353, sec. 860. In an action on such a judgment, where it appears from the transcript that the judgment sued on was rendered by a court of record, it is presumed that such court was a court of general jurisdiction, had jurisdiction of the subject matter and parties, rightfully gave the judgment sued on, and that said judgment is in force and unsatisfied until the contrary appears. 34 C.J. 1120. The Supreme Court of the United States in Hanley v. Donoghue, 116 U.S. 1, 5, 6 S.Ct. 242, 244, 29 L.Ed. 535, speaking of Art. 4, sec. 1, of the Constitution of the United States, which provides "Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State," said if an authenticated judgment "appears upon its face to be a record of a court of general jurisdiction, the jurisdiction of the court over the cause and the parties is to be presumed, unless disproved by extrinsic evidence or by the record itself." See also Wallace v. Schneider, Tex.Civ.App., 185 S.W. 333, 334; Reid v. Boyd, 13 Tex. 241, 65 Am.Dec. 61; Heidingsfelder v. Rodgers, Tex.Civ. App., 96 S.W.2d 147, and 28 U.S.C.A. §·687.

We are of the opinion that defendant's third point, to wit, that the court erred in admitting the certificate of the clerk of the Oklahoma court in evidence, must be sustained. This instrument was merely a statement by the clerk of the Oklahoma court that the costs of said court amounted to $20.85 and had been paid by plaintiff. The certificate was authenticated in the same manner as the judgment. However, it was not a part of the judgment, nor a record of the court. Neither the amount of

the costs, nor the items thereof, nor the fact that the costs had been paid by plaintiff is shown by the judgment. The judgment goes no further than to show that the costs were adjudged against the defendant Ryan. We are of the opinion that defendant's objections to the introduction of said statement of the clerk should have been sustained. In 34 C.J. 1124, it is said, "The recovery may include the costs of the foreign action if they constitute a part of the judgment * * *." The note following recites: "But see Indiana v. Helmer, 21 Iowa 370 (where the judgment record did not show the amount of such costs, and there was a denial of the averment of the petition, plaintiff could not recover such costs without proof of the amount.)" We are of the opinion that the judgment should be reformed by disallowing the amount of the costs incurred in the Oklahoma court, to wit, $20.85. As so reformed the judgment is affirmed.

LONG, J., did not participate in the decision of this case.