**Joel O. GARMAN, Appellant,**

v.

**B. B. REYNOLDS et al., Appellees.**

**No. 15648.**

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 4, 1955.

Rehearing Denied Dec. 2, 1955.

Stone, Agerton, Parker & Kerr, and Walter E. Jordan, Fort Worth, for appellant.

Donald & Donald, and J. M. Donald, Bowie, for appellees.

BOYD, Justice.

Appellant Joel O. Garman recovered judgment for $10,723.36 against B. B. Reynolds and Dalton D. Reynolds in the Superior Court in and for Imperial County, California, and filed this suit in the 67th District Court of Tarrant County to establish the judgment in this state. Upon the hearing of a plea of privilege filed by appellees B. B. Reynolds and Dalton D. Rey-

nolds, the cause was transferred to the District Court of Montague County.

In the California suit, appellant alleged that he received serious personal injuries as the result of a highway collision in that state between an automobile driven by himself and a truck-tractor and trailer driven by Dalton D. Reynolds in the course of his employment as the agent and servant of B. B. Reynolds, and that said collision was caused by negligent acts of Dalton D. Reynolds.

Appellees answered the Texas suit by special exceptions and a general denial and alleged that the California judgment was invalid because there was no valid service upon them; that the judgment was obtained by fraud; and that there was no proof that appellees were not residents of California at the time of the alleged collision.

Trial was to the court, and judgment was rendered that appellant take nothing. Upon appellant's request, findings of fact and conclusions of law were filed.

The court found that appellant failed to establish by competent evidence that the California judgment had not been appealed from, or that it had not been paid, or that it was based upon any valid service of citation or any valid law of California; that appellant failed to establish that the defendants, B. B. Reynolds and Dalton D. Reynolds, were the same persons as the B. B. Reynolds and Dalton D. Reynolds who were the defendants in the California suit, or that they were the same persons upon whom substituted service was effected in the California suit. These findings are assailed by appellant's points of error.

About eight weeks before the trial of the cause, appellant filed a written request, under Rule 184a of the Texas Rules of Civil Procedure, that the court take judicial notice of Section 404 of the California Motor Vehicle Code. The request included a copy of said Section 404, and also contained the following paragraphs:

"By a copy hereof the attorneys of record for the defendants are being advised of this request of the plaintiff for this Honorable Court to take judicial notice of this California Statute.

"Wherefore, plaintiff prays that the Court take Judicial notice of Section 404, Chapter 1, Vehicle Code of the State of California."

Rule 184a is as follows: "The judge upon the motion of either party shall take judicial notice of the common law, public statutes, and court decisions of every other state, territory, or jurisdiction of the United States. Any party requesting that judicial notice be taken of such matter shall furnish the judge sufficient information to enable him properly to comply with the request, and shall give each adverse party such notice, if any, as the judge may deem necessary, to enable the adverse party fairly to prepare to meet the request. The rulings of the judge on such matters shall be subject to review."

The California Code provides that service on a nonresident owner or operator of a motor vehicle in a suit growing out of a highway collision in that state may be had by service upon the Director of Motor Vehicles, and by the service of a "notice of such service and a copy of the summons and complaint" upon the defendant by registered mail or by actual service of such notice of service and a copy of the summons and complaint upon the defendant wherever found outside the state.

Appellant introduced an authenticated copy of the California judgment and copies of the actual service had upon the defendants by the Sheriff of Montague County. This service appears to have been in strict compliance with the California Code.

Article IV, Section 1, of the Constitution of the United States provides that full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state, and that the Congress may by general laws prescribe the manner in which such acts, records, and proceedings shall be proved. The Congress has provided for admission of authenticated copies of judicial proceedings and has pre-

scribed that they shall have the same full faith and credit in every court within the United States and its territories and possessions as they have by law or usage in the courts of such state, territory or possession from which they are taken. 28 U.S.C.A., § 1738.

"By force of this mandate and of the act of Congress pursuant thereto, judgments rendered by courts of sister states are entitled in Texas to the same recognition as is accorded to the judgments of our own courts; they will be given here the same credit as they receive in the state where they were rendered, so that with us they are, or are not, valid and conclusive according as they are, or are not, in the state of their rendition." 26 Tex.Jur., p. 419, sec. 571.

"In order for a judgment of another state to come within the full faith and credit clause of the Constitution of the United States, it must be a final, valid, subsisting judgment, not reversed, vacated or annulled in the state of its rendition; and it must be such a judgment as would be conclusive on the merits if sued on at home." 26 Tex.Jur., p. 422, sec. 573.

 The California judgment appears to be a valid, final and subsisting judgment rendered by a court of general jurisdiction. Its introduction made a prima facie case for appellant unless it was successfully attacked or the lack of jurisdiction of the court was shown. Ryan v. City Nat. Bank & Trust Co. of Oklahoma City, Okl., Tex.Civ.App., 186 S.W.2d 747; Gard v. Gard, Tex.Civ.App., 244 S.W.2d 884; Liddell v. Blevins, Tex.Civ.App., 244 S.W.2d 335. We think the burden was on appellees to establish that the judgment was not final and subsisting or that the court did not have jurisdiction to render it. Cook v. Thornhill, 13 Tex. 293; Houston v. Dunn, 13 Tex. 476; Wallace v. Schneider, Tex.Civ. App., 185 S.W. 333; Mendlovitz v. Samuels Shoe Co., Tex.Civ.App., 5 S.W.2d 559; 50 C.J.S., Judgments, § 884, sub. a, p. 463; Heidingsfelder v. Rodgers, Tex.Civ.App., 96 S.W.2d 147.

"The transcript of a foreign judgment sued on is prima facie evidence of the recovery of the judgment, and, in the absence of any irregularities on the face of it, of everything necessary to sustain plaintiff's recovery, * * *." 50 C.J.S., Judgments, § 884, sub. c, p. 465.

In Hanley v. Donoghue, 116 U.S. 1, 6 S. Ct. 242, 244, 29 L.Ed. 535, it was held that if an authenticated jdugment "appears upon its face to be a record of a court of general jurisdiction, the jurisdiction of the court over the cause and the parties is to be presumed unless disproved by extrinsic evidence or by the record itself."

 Nor do we think the burden was on appellant to prove that the defendants in the California case and the Texas case were the same people. In Ryan v. City Nat. Bank & Trust Co. of Oklahoma City, Okl., supra, the court said [186 S.W.2d 748]: "The contention that it was not shown that the defendant in the Oklahoma judgment and in the Texas case were the same person is overruled. A person with the same name as the defendant in the Oklahoma judgment filed an answer in the Texas case that shows said parties are identical. Furthermore, 'the identity of the person sued with the one against whom the judgment was recovered may be presumed if the names given in full are the same.' 34 C.J. 1120, sec. 1594."

 It is our view that appellant made out a prima facie case by introducing the authenticated copy of the California judgment and copies of the service had upon the Director of Motor Vehicles of that state and copies of the service had upon appellees. Appellees offered no evidence. We are commanded by the law to give full faith and credit to the judgment rendered in our sister state. It therefore follows that we think the trial court was in error in rendering judgment for appellees.

The judgment is reversed and here rendered for appellant in the sum of $10,723.36 with interest at six per cent from February 12, 1955, the date of the judgment in the trial court.