Mary R. BERGFELD and Bertha Bergfeld Ahlschlager, Trustees under the Will of Rudolph L. Bergfeld, Deceased, Rudolph Pabst Bergfeld Cestui Que Trust, Appellants,

v.

Ellis CAMPBELL, Jr., District Director of Internal Revenue, Appellee.

No. 7449.

Court of Civil Appeals of Texas.

Texarkana.

April 16, 1963.

Smith & Smith, Tyler, for appellants.

Wm. Wayne Justice, U. S. Dist. Atty., Lloyd W. Perkins, Asst. U. S. Dist. Atty., Carolyn Just, Dept. of Justice, Lee A. Jackson, Chief Appellate Section, Louis F. Oberdorfer, Asst. Atty. Gen., Washington, D. C., for appellee.

Henry Schwartz, Tyler, for the Cestui Que Trust.

CHADICK, Chief Justice.

This is an appeal from an order sustaining a plea of privilege as to venue. The judgment of the trial court is reformed and as reformed is affirmed.

The underlying action is a suit by Mary R. Bergfeld and Bertha Bergfeld Ahlschlager, Trustees of a trust created by the will of Rudolph L. Bergfeld, Deceased, against Rudolph Pabst Bergfeld, the beneficiary thereof, for a construction of the trust provision of the will, as authorized by Article 7425b–24 of the Texas Trust Act, V.A.T.S. A determination of the law and facts currently applicable to the powers, responsibilities, duties and liability of the trustees of the trust estate is the object of action. Suit was filed in a district court of Smith County. After reviewing the pleadings and issues presented, the trial judge on his own responsibility directed that Ellis Campbell, Jr., Director Director of Internal Revenue, be joined in the action as a party defendant.

The court's order requiring joinder was effectuated. The United States Attorney for the Eastern District of Texas filed a plea of privilege in Campbell's behalf, alleging that Campbell was not a resident of Smith County at any time pertinent to the venue issue, and was at all pertinent times a resident of Dallas County, and asserted that no exception existed to exclusive venue of the action against Campbell in the county of Campbell's residence. The plea of privilege was controverted by Mary R. Bergfeld and Bertha Bergfeld Ahlschlager, as Trustees, and by Rudolph Pabst Bergfeld, the Cestui Que Trust. The controverting affidavit alleged that venue of the action is prescribed by Article 7425b–24. The statute referred to provides that, "Where there are two or more trustees, * * * venue shall be in the county where the principal office of the trust is maintained". Hearing was held and evidence upon the issues introduced and at its conclusion the judge conducting the hearing sustained the plea of privilege and ordered the case as to all parties transferred to a District Court in Dallas County.

The Bergfelds, in their trust relationships, proceeded on the theory, in the trial court and here, that venue is controlled by proof of the location of the Trusts' principal office. They grouped and briefed as one their two points of error as follows:

"Point one: The Trial Court erred in sustaining the Plea of Privilege because the record shows conclusively that venue is properly fixed in Smith County, Texas, as a matter of law.

"Point two: The Trial Court erred in sustaining the Plea of Privilege because the record shows conclusively that venue is properly fixed in Smith County, Texas, as a matter of fact."

The parties' briefs do not make an issue of the nature of the points of error. How-

ever, notice must be taken of their differing character in discussing the questions they present. The first point casts upon appellants the burden of showing that the evidence or some provision of law conclusively established venue of the case in Smith County. The second point presents the question of no evidence to support the judgment rendered. See Calverts "No Evidence" and "Insufficient Evidence" Points of Error, 38 Texas Law Review 361.

The following instrument recorded in the office of the County Clerk of Smith County was offered in evidence, to-wit:

"DESIGNATION OF PRINCIPAL OFFICE OF TRUSTS

"THE STATE OF TEXAS
COUNTY OF DALLAS } KNOW ALL MEN BY THESE PRESENTS:

"THAT WHEREAS, Rudolph L. Bergfeld, Deceased, created, by virtue of his will which was probated in the Probate Court of Dallas County, Texas, being No. 48681–P on the docket of that Court, three trusts; one for his wife, Mary R. Bergfeld, one for his son, Rudolph Pabst Bergfeld, and one for his daughter, Bertha Bergfeld Ahlschlager, and designated the undersigned, Mary R. Bergfeld and Bertha Bergfeld Ahlschlager as Co-Trustees thereof, and

"WHEREAS, it is desirable and convenient inasmuch as there are two trustees to designate the principal office and address of each of the trusts.

"NOW, THEREFORE, IN CONSIDERATION OF THE PREMISES, we, the undersigned, Mary R. Bergfeld and Bertha Bergfeld Ahlschlager, Co-Trustees of the trusts created under the will of Rudolph L. Bergfeld, Deceased, do hereby designate the principal office of such trusts as 615 Citizens First National Bank Building, Tyler, Texas, and further designate the mailing address of the same to be % Kelley Smith, Resident Agent, P. O. Box 5, Tyler, Texas.

"IN WITNESS WHEREOF, we have executed this instrument this the 31st day of March, 1960.

"/s/ Mary R. Bergfeld
    "MARY R. BERGFELD
"/s/ Bertha Bergfeld Ahlschlager
    "BERTHA BERGFELD AHLSCHLAGER
    "Co-Trustees of the Trusts
    Under the Will of Rudolph
    L. Bergfeld, Deceased".
(acknowledgments omitted)

———◆———

The instrument, the will of the deceased, and its provisions creating the Trust and appointing two trustees to administer it, the trustees' acceptance and active administration of the Trust, together with the testimony of Mrs. Ahlschlager that the Trust had no employees except its legal counsel, referred to as agent in the instrument reproduced above, and the clerical employees of the agent in the agent's law office is the evidence relied upon to prove conclusively that the Trust maintained its principal office in Smith County.

Neither the Trust Act, Article 7425b–1 et seq., nor any other statute brought to the attention of the court refers to or provides for a written designation of a trust's principal office or makes an ex parte designation controlling in any sense. Therefore, no rule of law is found that conclusively locates the principal office of the Trust in Smith County.

■ The language of the Act leaves the location of the principal office an open question to be answered by the proof made in a particular case. The evidence relied upon by the Trustees, mentioned in the second paragraph above, is not conclusive that the Trust's principal office is located in Smith County because there is other evidence, yet to be detailed, supportive of a contrary finding. It follows that the first point must be overruled, because neither by rule of law nor by the written designation of a principal office and the evidence mentioned in connection therewith, is it conclusively shown that the Trust maintained its principal office in Smith County.

■ In order to determine the evidence questions, it becomes necessary to determine what constitutes a trust's principal office as the term is used in the Trust Act. The term is not defined by the Trust Act, and does not have a specialized meaning in law. Numerous decisions of Texas Courts and from other jurisdictions have undertaken to define the term "principal office". See 33 Words and Phrases, pp. 619–621. With few exceptions the cases consider the term in connection with incorporated organizations, and efforts to determine the principal office of a corporation and the decisions reached are necessarily dictated by statutes pertaining to corporations. See Ward v. Fairway Operating Company, Inc., Tex., 366 S.W.2d 194, 6 Texas Supreme Court Journal 218; (Court of Civil Appeals opinion 358 S.W.2d 143). Art. 2029 in its provision for service of citation on corporations under certain circumstances uses the term "principal office" without defining it. With reference to this article, Art. 2029, it has been held, "The principal office of the corporation * * * is the place where the principal affairs, business and otherwise * * * are transacted, and where the officers and agents of the company are expected to be in the performance of their duties * * * during office hours". Bozeman v. Arlington Heights Sanitarium, Tex. Civ.App., 134 S.W.2d 350, W/R. Such definition transposed to trusts comports with the popular meaning of the words of the term, and is adopted as the definition of a trust's principal office.

On examination of the record it is found that in addition to that previously mentioned the following evidence was introduced. The deceased, Rudolph L. Bergfeld, at the time of his death, was domiciled in Dallas County and his will was probated there. Mary R. Bergfeld, surviving wife of Rudolph L. Bergfeld, and Bertha Bergfeld Ahlschlager, the co-trustees, are both residents of Dallas County. Mrs. Bergfeld and Mrs. Ahlschlager both are active in managing the Trust's affairs. Mrs. Ahlschlager testified that she relied upon the advice of her legal counsel and weighed his recommendations, but reserved to herself final decisions on investments and management decisions and policy concerning Trust property. Mrs. Ahlschlager also employs a part-time secretary who reports for work at Mrs. Ahlschlager's home in Dallas County three days per week and assists her in keeping the Trust's books writing checks, letter of instruction, etc., in handling the Trust's business. Trust property, such as stocks and bonds constituting about one-half of the Trust's assets, when not in the keeping of a brokerage house, are kept in safety deposit boxes in Dallas County; the bulk of the Trust's real property is located in Dallas County, and Mrs. Ahlschlager handles the negotiations of leases on it, etc.

■ The facts related next above constitute evidence of probative value that the Trustees maintained in Dallas County a headquarters where the principal business affairs of the Trust are normally transacted, and where the Trustees of the Trust could ordinarily be found during office hours. The second point is overruled.

■ Overruling both points of error on the basis indicated makes it unnecessary to discuss other counterpoints advanced by the appellee to sustain the trial court action. However, the broad terms of the trial

court's order transfers to Dallas County the original action by the Trustees against the Beneficiary, as well as the impleaded party, Ellis Campbell, Jr., Director of Internal Revenue. All parties agree that Campbell is not a necessary (indispensable) party to the suit. The order should have been limited in such way that the suit between trustees and beneficiary remained on the trial court's docket in Smith County, and the suit between the original parties and Campbell transferred to Dallas County. Rule 89 V. A.T.R. The trial court judgment is reformed to so do, and as reformed is affirmed.