C. H. CHAPMAN, Appellant,

v.

Richard J. SCHEFSKY, Appellee.

No. 5051.

Court of Civil Appeals of Texas,
Waco.

Sept. 2, 1971.

Rehearing Denied Sept. 23, 1971.

William F. Billings, Dallas, for appellant.

Thompson, Knight, Simmons & Bullion, John Gilliam, Schuyler B. Marshall, Dallas, for appellee.

## OPINION

HALL, Justice.

At all times relevant to this lawsuit, the appellee, Schefsky, was a resident of the state of California. The appellant, Chapman, was a resident of Dallas County, Texas, the county of this suit; and he was a partner with Richard S. Poland doing business under the trade names of Chapman and Poland and Bonanza Development Company.

In April, 1967, Schefsky obtained a default judgment in the Superior Court of the State of California against Chapman

and Poland, individually, and as partners under their trade names, setting aside, because of fraud, written contracts of sales of certain securities by Chapman and Poland to Schefsky, ordering return of the purchase price by them to Schefsky, and granting Schefsky reasonable attorneys fees. Schefsky brought this action to enforce that judgment. Chapman appeals from an order granting Schefsky's motion for summary judgment.

The judgment sued upon, duly authenticated as provided by 28 U.S.C.A., Sec. 1738, was included in Schefsky's proof. It was therefore entitled to full faith and credit under Article IV, Section 1, United States Constitution, unless want of jurisdiction of the California court was shown or the judgment was otherwise successfully attacked; and its introduction established a prima facie case for Schefsky. Garman v. Reynolds (Tex.Civ.App., 1955, writ ref.), 284 S.W.2d 262, 264.

Contending that he was not properly served with process in the California lawsuit, Chapman asserts that the court was without jurisdiction to render the *in personam* judgment in that case, and that its judgment is therefore void.

The very essence of due process is the opportunity to be heard; and in order for a court to have jurisdiction to proceed to judgment in an action, citation must have been issued and served on the defendant in one of the ways authorized by law, unless he has voluntarily appeared, or accepted or waived process, or unless notice is otherwise dispensed with. Bozeman v. Arlington Heights Sanitarium (Tex.Civ.App., 1939, writ ref.), 134 S.W.2d 350, 352.

In 1965, Chapman and Poland sought permission from the State of California to sell securities to residents in that state. To obtain the permit, they were required by Section 25505(b) of the California Corporation Code to "irrevocably" appoint the California Corporations Commissioner "and

his successor in office" as their process agent. Acting individually and in their partnership names, Chapman and Poland filed their written designation on September 27, 1965, irrevocably designating "the Commissioner of Corporations of the State of California as the lawful agent and attorney in fact of such partnership and each of such partners upon whom process directed to such partnership or either of such partners may be served within the State of California."

The record shows without dispute that citation in the California lawsuit was properly served on the Commissioner of Corporations of that State on February 27, 1967; that Chapman received a copy of the citation, with a copy of Schefsky's petition attached, in the mail from the Commissioner on March 6, 1967; that both Chapman and Poland failed to appear or answer, and default judgment was rendered against them on April 11, 1967; that Chapman's lawyer in California contacted Schefsky's California counsel on April 10, 1967, unsuccessfully seeking an agreed continuance of the case; and that the California judgment is now final.

One basis of Chapman's contention of want of proper service is that the specific *individual* filling the office of Commissioner of Corporations at the time of designation of agent for service of process in 1965 was Charles E. Rickershauser, Jr.; that at the time of service in the California case in 1967, Rickershauser had been replaced by Robert H. Volk, and that Volk was the Commissioner of Corporations upon whom service in that cause was effected and who forwarded the citation and petition to Chapman; that Chapman designated *only* "the Commissioner of Corporations of the State of California" as his agent for process, and that he did not designate the Commissioner "*and his successor in office*" for that purpose; and that the service on Volk was therefore ineffective because it was not in keeping with the designation.

By contending that his *irrevocable* designation of the Commissioner of Corporations as his agent for service should be construed as the appointment of the *individual* who held that office at the moment of designation, rather than the *office* of Commissioner of Corporations, Chapman would have us hold that Mr. Rickershauser was, is and always will be his agent for service of process in California regardless of Mr. Rickershauser's whereabouts or occupation. Not only would that holding be in derogation of the California law, it would also violate the very language of Chapman's designation. We decline to so hold.

Acting within the provisions of Rule 184a, Texas Rules of Civil Procedure, both parties requested that the trial court take judicial notice of the laws of the State of California allegedly touching upon the method of service of process upon Chapman. We have carefully reviewed those references. We hold that, within the intendment of the laws of California, Chapman's designation served to appoint the *office* of the Commissioner of Corporations as his agent for process; and that service upon the person holding that office in 1967, and the forwarding to Chapman of the citation and petition by that Commissioner, was sufficient service upon Chapman to place him within the jurisdiction of the Superior Court of California. Chapman's complaints to the contrary are overruled.

■ Answering the Texas suit, Chapman pleaded that the failure of Schefsky "to disclose the true amount of the set-offs to the California Court was deceptive and fraudulent as to that Court and the default judgment obtained through his fraud should not and cannot be enforced against this defendant."

Schefsky testified in the California court that the defendants were entitled to set-offs and credits totaling $12,966.96. On the hearing of Schefsky's motion for summary judgment in this suit, Chapman tendered evidence that he was entitled to set-offs in the amount of at least $20,170.56.

Chapman contends that his pleading and proof of alleged false testimony by Schefsky presented a fact question in the trial court as to whether the California judgment was procured by fraud, precluding summary judgment. We do not agree.

It is the general view that the judgment of one state may be impeached for fraud in its procurement when sued upon in another; and that the full faith and credit clause of the Federal Constitution does not prevent the application of this rule. 55 A.L.R.2d "Foreign Judgment—Fraud As Defense;" § 4, p. 680; 50 C.J.S. Judgments § 895, p. 511. This is the law in Texas. See 34 Tex.Jur.2d 411, Judgments, Sec. 387. However, extrinsic fraud only, and not intrinsic fraud, may be made the basis for nonrecognition of a foreign judgment. 55 A.L.R.2d § 5, p. 686; 50 C.J.S. Judgments § 895, p. 512. False testimony constitutes intrinsic fraud, and the judgment of a sister state cannot be successfully challenged on that ground. 55 A.L.R.2d § 13, p. 702; 50 C.J.S. Judgments § 895, p. 513. Cf. Hecht v. Alton (Tex.Civ.App., 1933, no writ hist.), 59 S.W.2d 428.

Chapman has other points and contentions. All have been considered. They are overruled.

The record shows that there is no genuine issue as to any material fact and that Schefsky is entitled to a judgment as a matter of law. The summary judgment was therefore proper. Rule 166–A, para. c, Texas Rules of Civil Procedure; Gibbs v. General Motors Corporation (Tex.Sup., 1970), 450 S.W.2d 827, 828.

Affirmed.