Richard Foster HARRIS, Jr., Appellant,

v.

Mrs. Virginia McCurdy HARRIS, Appellee.

No. 14694.

Court of Civil Appeals of Texas.

Houston.

May 12, 1966.

Rehearing Denied June 2, 1966.

Joe S. Moss, Houston, for appellant.

Tommy R. Letbetter, Houston, for appellee Schmidt & Garrett, Houston, of counsel.

BELL, Chief Justice.

The appellee filed suit on a judgment of the Superior Court of Mecklenburg County, North Carolina, a court of general jurisdiction, in the amount of $6,267.00, that was rendered against appellant. The trial court here enforced the judgment by rendering judgment in the amount of the North Carolina judgment.

Appellee in her petition alleged that on January 17, 1963, she instituted suit for contempt of court against appellant for failure to comply with previous orders of the court directing that appellant pay $400.00 per month to appellee, and in addition make specified payments on certain indebtednesses for the benefit of appellee. The judgment sued on is dated January 31, 1963. It was alleged that the judgment "remained in full force and effect, not reversed or otherwise vacated." There seems to be no specific allegation that the judgment is final, though there is the allegation that because it remains in full force and effect and has not been reversed or otherwise vacated appellant is indebted to appellee in the amount of the judgment.

The appellant in his answer filed a special exception asserting that the judgment showed on its face that it was not a final one but only interlocutory. This exception was not carried forward in the answer as a plea in bar, but the answer did contain a general denial. As a special plea in bar appellant asserted a plea of res adjudicata. This consisted of an assertion that at the September term in 1962 of the Court of

Domestic Relations No. 3 of Harris County, appellant obtained a divorce from appellee.

On trial before the court without a jury, the appellee introduced a properly certified copy of the judgment. The judgment recites that the cause came on for hearing on January 21, 1963; that the appellee and her attorney were present, as was the attorney of record for appellant who had been served with a copy of the order of January 13, 1963. There then appear the recitals that certain designated payments that appellant was obligated to make under an order of the court of March 17, 1962, were due but had not been paid. It is recited that of this total amount, the sum of $3,162.00 is due for support payments. The balance was due for payments on debts that had been ordered. The judgment then reads as follows:

"It is therefore ORDERED, ADJUDGED, AND DECREED as follows:

"(1) The plaintiff be and she is hereby entitled to a judgment against the defendant in the total sum of $6,267."

The next paragraph of the judgment specifies that appellee out of the total sum adjudged shall make payments on enumerated debts. Then follows the recital: *"This cause is retained pending further orders of the Court."* (emphasis ours)

After introducing the judgment, appellee called appellant as a witness.

It was established by his testimony that while the judgment sued upon found he had, prior to the judgment, paid the amounts ordered to the extent of $838.00, he had in fact paid "roughly $1100.00."

The appellant then introduced the judgment of the Texas court granting him a divorce on November 7, 1962. Too, the appellant's petition, the citation and its return showing service on appellee, and the appellee's answer consisting of a general denial, were introduced. The judgment is lengthy and we need only notice that it purports to make division of the property, ex-

cept for the real property in North Carolina, and to fix responsibility for debts.

There was no pleading of the North Carolina law; nor was there any proof of it; nor was there any request as provided in Rule 184a, Texas Rules of Civil Procedure, that the court take judicial notice of those laws. The position of appellant is that in the absence of proof of the law of North Carolina its law will be presumed to be the same as the law of Texas. From this premise, appellant proceeds to assert the following:

1. The North Carolina court had no jurisdiction over him because the judgment affirmatively shows notice of the proceeding was served only on his alleged attorney and under Texas law this does not suffice.

2. The judgment on its face shows it is not final because the court retained jurisdiction to make further orders.

3. His plea of res adjudicata was established.

■ There are, of course, a multitude of cases holding that a state must, under Article IV, Sec. 1 of the Constitution of the United States, give to the final judgment of a sister state the same force and effect to which it is entitled in the state where rendered. It suffices to cite the cases of Barber v. Barber, 323 U.S. 77, 65 S.Ct. 137, 89 L.Ed. 82, and Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905.

■ The law of the state where the judgment is rendered governs in determining the validity, finality and effect of the judgment. However, our courts may not take judicial notice of the laws of another state in the absence of a request to do so. Rule 184a, T.R.C.P. Such laws are facts to be proven and in the absence of proof of such laws by judicial knowledge properly requested or proof otherwise, we presume them to be the same as the laws of Texas. Commonwealth of Mass. v. Davis, 140 Tex. 398, 168 S.W.2d 216; United States Fidelity & Guaranty Co. v. Richey, 18 S.W.2d 231 (Tex.Civ.App.), writ ref.; Vickers v. Faubion, 224 S.W. 803 (Tex.Civ.App.), no writ hist.; Van Natta v. Van Natta, 200 S.W. 907 (Tex.Civ.App.), writ ref.; Ogg v. Ogg, 165 S.W. 912 (Tex.Civ.App.), no writ hist.

■ We are of the view that the burden is on a plaintiff to establish that a judgment sued on is a valid, final and subsisting judgment, but this burden is discharged when he introduces in evidence a properly authenticated copy of the judgment which on its face appears to be a valid final judgment of a court of general jurisdiction. Garman v. Reynolds, 284 S.W. 2d 262 (Tex.Civ.App.), writ ref.

■ Here, however, the judgment sued upon appears on its face not to be a final one under the laws of Texas. It is noted that the judgment recites: "It is ORDERED, ADJUDGED AND DECREED as follows: 1. The plaintiff be and is hereby entitled to a judgment against the defendant in the total sum of $6,267." Nowhere is it stated that she shall have execution, and what is really controlling is that it expressly provides: "This cause is retained pending further orders of the Court." See Ogg v. Ogg, supra, and Vickers v. Faubion, supra.

The point of appellant, that the court erred in rendering judgment for appellee because the judgment was not final, is well taken. We must, therefore, reverse and remand the case. We remand, instead of rendering, because the case was not fully developed.

Since we reverse and remand the case for retrial, it is appropriate to notice other points raised by appellant.

■ His assertion that the judgment shows on its face to be void is without merit. The judgment shows that it was rendered in a pending cause instituted by appellee and not on a cross-action, and it recites service of notice on appellant's attorney of record and appearance by the attorney. This suffices under Texas law to give ju-

risdiction. Landram v. Robertson, 195 S. W.2d 170 (Tex.Civ.App.), refused, n. r. e.

 Appellant's plea of res adjudicata by reason of the judgment for divorce of November 7, 1962, is not sustainable. He should have set this up in reply to the motion for judgment filed in the suit resulting in the judgment sued upon which is dated January 31, 1963. His effort now to plead it is a collateral attack on the North Carolina judgment. This is not permissible. Commonwealth of Mass. v. Davis, supra.

Reversed and remanded.