**Patrick E. MATHIS et al., Appellant,**

**v.**

**WACHOVIA BANK AND TRUST COMPANY, N.A. et al., Appellee.**

**No. 17327.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 12, 1979.

Rehearing Denied May 24, 1979. Written Opinion June 21, 1979. Second Motion.

Marvin Schulman, Houston, for appellant.

Lapin, Totz & Mayer, William A. Petersen, Jr., Houston, for appellee.

DOYLE, Justice.

This is an appeal from a judgment granting full faith and credit to a judgment from the State of North Carolina in favor of appellees, Wachovia Bank and Trust Company, N.A. et al. (Bank) in the amount of $30,737.78 plus interest and costs of court.

On February 25, 1970, a default judgment was entered in the State of North Carolina against appellants, Patrick E. Mathis and Kathleen Schmidt Mathis (the Mathises), in the amount of $30,737.78, plus interest at the rate of six percent per annum after July 9, 1971.

In 1975 suit was filed by the Bank in Harris County, Texas. The Mathises' attorney filed an answer for Patrick E. Mathis but not for Kathleen Schmidt Mathis. Consequently, on November 20, 1975, an interlocutory default judgment was entered against Mrs. Mathis by the Harris County court.

The Mathises' attorney did not reply to this interlocutory judgment until after this case was called for trial in 1978, when he attempted to have the court set aside its judgment and his motion was overruled by the court.

At trial, the court granted full faith and credit to the North Carolina judgment, admitting it into evidence over the objection of the Mathises that said judgment was not properly signed or attested and therefore not entitled to full faith and credit.

Trial was to a jury and after evidence on whether Mr. Mathis had been served in North Carolina, the following one special issue was submitted:

Do you find from a preponderance of the evidence that H. J. JOYNER of the Forsyth County Sheriff's Office served citation on Defendant Patrick E. Mathis on January 25, 1970?

Answer: "We do" or "We do not"

Mr. Mathis objected to this issue stating there was no evidence or insufficient evidence to support submission of the issue. The court overruled the objection and the jury answered the issue, "We do".

After the verdict, the Mathises moved for an instructed verdict and for judgment N. O. V., which motions were denied. The Mathises further moved for a new trial which was also overruled resulting in this appeal.

Compositely, the Mathises' first four points of error complain of the trial court's errors in admitting to full faith and credit a North Carolina judgment which shows on its face that it is not in compliance with Texas laws, which are applicable since the bank failed to plead and prove North Carolina law in accordance with rule 184a, T.R.C.P.

 The general rule is that where a judgment of a state appears to be a valid final and subsisting judgment by a court of general jurisdiction, its introduction makes a prima facie case for the party seeking to enforce it. *Mitchim v. Mitchim*, 518 S.W.2d 362 (Tex.1975); *Garman v. Reynolds*, 284 S.W.2d 262 (Tex.Civ.App.—Ft. Worth 1955, writ ref'd); *Moody v. First Nat. Bank of Dona Ana County*, 530 S.W.2d 879 (Tex.Civ. App.—Houston [1st Dist.] 1975, writ ref'd n. r. e.). However, no such dignity has been extended by Texas courts where default judgments are involved, and "Thus jurisdiction of a court to render a default judgment may not be sustained by the judgment recitals but must appear affirmatively on the face of the record." *Country Clubs, Inc. v. U. Ward*, 461 S.W.2d 651 (Tex.Civ.App.— Dallas 1970, writ ref'd n. r. e.); *Jackson v. Randall*, 544 S.W.2d 439 (Tex.Civ.App.— Texarkana 1976, no writ). We cannot take judicial notice of the laws of another state in the absence of a request to do so. Absent proper proof of such laws, we must presume them to be the same as the laws of Texas touching upon the matter in controversy. *Harris v. Harris*, 403 S.W.2d 445 (Tex.Civ.App.—Houston 1966, no writ); Rule 184a, T.R.C.P. It is undisputed that the judgment here attacked is a default judgment and that the Bank has not requested, pled nor proved North Carolina law. Therefore we must test the North Carolina judgment by the laws of Texas. The judgment is here set forth as it appears in the record.

| | | |
|---|---|---|
| NORTH CAROLINA ) | | IN THE GENERAL COURT OF JUSTICE |
| ) | | |
| FORSYTH COUNTY ) | | SUPERIOR COURT DIVISION |

| | | |
|---|---|---|
| WACHOVIA BANK AND TRUST ) | | |
| COMPANY, N.A. and THE ) | | |
| NORTHWESTERN BANK, ) | | |
| ) | | |
| Plaintiffs ) | | |
| vs. ) | | JUDGMENT |
| ) | | |
| TWIN CITY WHOLESALE MOTORS, ) | | |
| INC., PATRICK E. MATHIS ) | | |
| and KATHLEEN SCHMIDT MATHIS, ) | | |
| Defendants. ) | | |

THIS CAUSE coming on to be heard before the undersigned Clerk of Superior Court of Forsyth County:

And it appearing to the Court from the duly verified complaint of the plaintiffs that the defendant, Twin City Wholesale Motors, Inc., on or about July 8, 1969, executed a NOTE AND SECURITY AGREEMENT payable in twenty-three monthly installments of $1,400.00 each and one final installment of $1,337.78; that the defendants have defaulted in the payment of their obligation under the contract; and that the sum of $30,737.78, with interest thereon at 6 per cent per annum after July 9, 1971, is now due and payable from the defendant, Twin City Wholesale Motors, Inc., to the plaintiffs.

And it further appearing to the Court that on or about July 8, 1968, the individual defendants, Patrick E. Mathis and Kathleen Schmidt Mathis, executed a GUARANTEE guaranteeing prompt payment of the above-mentioned obligation of Twin City Wholesale Motors, Inc.; that demand has been made upon the individual defendants for the payment of the aforesaid amounts due from Twin City Wholesale Motors, Inc.; that upon such demand no payment has been forthcoming; and the plaintiffs are entitled to judgment against the individual defendants under their GUARANTEE for the payment of the sum of $30,737.78 together with interest thereon at 6 per cent per annum after July 9, 1971.

And it further appearing to the Court that pursuant to the provisions of the aforesaid NOTE AND SECURITY AGREEMENT and the provisions of the GUARANTEE that the plaintiffs are entitled to recover the sum of $30,737.78 from all of the defendants.

And it further appearing to the Court that the time for filing answer or other pleading has expired and that an ENTRY OF DEFAULT has been made by the Clerk of Superior Court of Forsyth County; and that the plaintiffs are entitled to a judgment against all of the defendants.

NOW THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED, that the plaintiffs have and recover of the defendants, Twin City Wholesale Motors, Inc., Patrick E. Mathis, and Kathleen Schmidt Mathis, the sum of $30,737.78 together with interest thereon at 6 per cent per annum after July 9, 1971. The costs of this action are taxed against the defendants.

The 25th day of February, 1970, 1:51 P.M.

/s/ Frances Storey, Assistant
Clerk of Superior Court

Then follows the certification by A. E. Blackburn, Clerk of the Superior Court, to the effect that the annexed copies of the judgment signed by Frances Storey, Assistant Clerk of the Superior Court, are true copies of the judgment, and also a certification by A. E. Blackburn that "Charles T. Kivett is the (Judge Presiding) over the Superior Court of said 21st Judicial District including Forsyth County (duly elected) and sworn, and that the signature of said Judge to the said certificate is genuine." Set out in full is the certification of Judge Kivett:

State of North Carolina
County of Forsyth

In The General Court of Justice
Superior Court Division

I Charles T. Kivett, (Resident-Judge) (Judge Presiding) of the 21st Judicial District of North Carolina, embracing the County of Forsyth, do hereby certify that A. E. Blackburn whose name is subscribed to the foregoing and annexed certificate is Clerk of the Superior Court of Forsyth County, North Carolina, (duly elected) (duly appointed) and sworn, and that full faith and credit are due to his/her official acts. I further certify that the seal affixed to said certificate is the seal of said Court and that the exemplification is

authenticated in due form and by the proper officer and in his own handwriting, and in such a form and manner that it would be received in any court of this State.

> IN TESTIMONY WHEREOF, I have hereunto set my hand at Winston-Salem, Forsyth County, North Carolina, this 3rd day of September, 1971.

SEAL

> /s/ Charles Kivett
> Resident Judge or Judge Presiding
> 21st Judicial District of North Carolina

The opening phrase of the judgment: "THIS CAUSE coming on to be heard before the undersigned Clerk of the Superior Court of Forsyth County:" causes this court some concern. Did the Clerk of the Superior Court actually hear the evidence in such capacity? If so, why was the judgment signed by Frances Storey, Assistant, rather than the Clerk, A. E. Blackburn? The recitations in the body of the judgment seem to indicate that the facts were "appearing to the Court." Nowhere in the judgment nor in the certifications attached thereto, can this court find any indication that the judgment was rendered, adopted, or signed by Judge Kivett. We are aware of the many authorities holding that the judge's signature is not necessary to make the judgment a valid and final one. However, we have been unable to find any authority (nor has the Bank cited any) to the effect that the judge is not required to make the rendition or pronouncement of judgment, either oral or written or by memorandum filed with the clerk. Under the provisions of Article 1899, V.A.T.S., a Texas Clerk is required to ". . . enter all judgments of the court, under direction of the judge . . ." The Bank argues that "the exemplified judgment from North Carolina is therefore presumed to have been entered in accordance with the statutes and decisions." This argument fails because this court cannot make such presumption since the Bank has not complied with Rule 184a, supra. The Mathises' first four points of error are sustained.

■ The Mathises' points of error complaining of the interlocutory default judgment against Kathleen Schmidt Mathis are sustained. At the trial of this cause the fact issue was whether Patrick E. Mathis had been properly served with citation in North Carolina. The jury found that he had been properly served. Introduced into evidence was the testimony of the sheriff's deputy who effected the service of citation and return thereon. Here is the relevant portion of the return.

## SHERIFF'S RETURN

I certify that this Summons was received on the 22 day of January, 1970, and, together with the Order Extending Time to File complaint was served as follows:

On <u>Twin City Wholesale Mtrs., Inc.</u> on the 25 day of January, 1970, by giving
(Defendant)
copy to Patrick E, Mathis, Pres. ☐ delivering a copy of him personally ☒ leaving a copy with Patrick E. Mathis at the following place <u>103 B. Westgate Circle, W-SI, N.C.</u>
(fill in address where copy was delivered or left)

----------------------------------------------------------------

On <u>Patrick E. Mathis</u> on the 25 day of January, 1970, by ☒ delivering a copy to
(Defendant)
him personally ☐ leaving a copy with _____
at the following place: <u>103 B. Westgate Circle, W-S., N.C.</u>
1/25/70 (fill in address where copy was delivered or left)
Served Kathleen Schmidt Mathis/ by leaving a copy with Patrick E. Mathis, her

husband, at 103 B. Westgate Circle, W–S, NC

If not served on defendant, state reason and give his name:

E. G. Shore Sheriff of Forsyth County, N.C.

By: H. J. Joyner Deputy

Date 1–25–70

Note: To the best of my knowledge Kathleen Schmidt Mathis and Patrick E. Mathis usually reside at 103 B. Westgate Circle and Patrick E. Mathis is a person of suitable age and description.

Both the testimony and the return show that the deputy did not serve Mrs. Mathis personally, but "by leaving a copy with Patrick E. Mathis, her husband." Whatever the effect of such service was under North Carolina law, this was substituted service under the laws of Texas and not in compliance with Rule 106, T.R.C.P. The North Carolina judgment does not show on its face that Mrs. Mathis had been served personally with citation and under the authority of *Jackson v. Randall*, supra, we cannot presume that she was. Therefore, the granting of the interlocutory default judgment against Mrs. Mathis was improper.

In view of our ruling on the Mathises' points of error already considered, we must reverse and remand the case, which has not been fully developed at the trial below. This disposition makes it unnecessary to consider the other points and counterpoints raised by the parties.

The judgment of the trial court is reversed and remanded.

COLEMAN, C. J., and PEDEN, J., sitting.

*On Motion for Rehearing*

We have decided that the original judgment in this case should be explained in answer to the points of error presented by appellants in their motion for rehearing.

After reviewing the entire record before us, we are not satisfied that the case was fully developed at the trial level. While the North Carolina judgment, when tested by Texas law, was not valid because of the method of service on Kathleen Schmidt Mathis, such judgment met every requirement for valid service of process on Patrick E. Mathis and was so determined by the jury. It was error for the trial court to render the judgment it did under the facts before it.

We have concluded that in the interest of justice this cause should be remanded to the trial court and the cause is so remanded. *Morrow v. Shotwell* (Tex.1972) 477 S.W.2d 538; *Scott v. Liebman* (Tex.1966) 404 S.W.2d 288; *Still v. Liberty Leasing Co., Inc.*, 570 S.W.2d 93 (Tex.Civ.App.—Waco 1978, no writ).

The motion for rehearing is overruled.

COLEMAN, C. J., and PEDEN, J., also sitting.