INTERAMERICAN LAMBS WOOL PRODUCTS, LTD., Appellant,

v.

DOXSEE FOOD CORPORATION, Appellee.

No. 2–82–005–CV.

Court of Appeals of Texas, Fort Worth.

Sept. 30, 1982.

Rehearing Denied Dec. 16, 1982.

Law Office of Murad & Wilemon and Randy P. Parker, Fort Worth, for appellant.

Godfrey, Decker, McMackin, Shipman, McClane & Bourland and Warren W. Shipman, III, Fort Worth, for appellee.

Before JORDAN, RICHARD L. BROWN and HOLMAN, JJ.

OPINION

JORDAN, Justice.

This is an appeal from a default judgment rendered by a Texas trial court giving full faith and credit to a default judgment for $123,540.76 rendered by The Supreme Court (trial court) of New York on June 9, 1981. The Texas default judgment from which this appeal is taken was rendered on August 27, 1981.

We reverse and remand.

No record was made of the hearing on the Texas default judgment, and the court rendered the judgment based on the pleadings and certified copies of the New York judgment and two other certifications, one by a New York Supreme Justice and one by the County Clerk and Clerk of the Supreme Court of New York. Appellant contends, in its first point of error that the Texas Court lacked jurisdiction to render a default judgment on the New York default judgment because there is no indication whatever, either in the judgment itself or in the certifications attached thereto, that the New York judgment was actually rendered, adopted or signed by a judge. The judgment itself was not signed by a judge but showed that it was filed on June 9, 1981 by Norman Goodman, County Clerk and Clerk of the Supreme Court of New York.

We agree with this contention and sustain appellant's first point of error.

The first paragraph of the New York judgment states that service was had on the defendant, appellee here, "by serving the Secretary of State, the statutorily authorized agent of the defendant, Interamerican Lambs Wool Products, Ltd., on the 14th day of April, 1981." The judgment also, in the first paragraph showed that answer date had passed and defendant failed to appear, answer or raise any objection to the complaint.

The second and last paragraph of the judgment states that upon certain affidavits filed by two persons, "it is ADJUDGED that the plaintiff, Doxsee Food Corp. . . . do recover of the defendant, Interamerican Lambs Wool Products, Ltd., . . . the sum of . . ., amounting in all to the sum of One hundred twenty-three thousand, five hundred forty and 76/100 dollars ($123,540.76), and that plaintiff have execution therefor." The judgment was signed by Norman Goodman, Clerk, June 9, 1981.

Attached to this judgment, which is in the record, is a page, blurred considerably by the imprint of what is apparently the Court Seal, and which is therefore difficult to read. At the top of this page is a certification by Norman Goodman, Clerk that these instruments are exemplified and that the signature of Supreme Court Justice Richard Lee Price is affixed. There follows, on the same page, a certification by Richard Lee Price "that the foregoing attestation (meaning Goodman's attestation, above described) is in the proper form and by the proper officer." Following on the same page is a certification by Norman Goodman, Clerk, that Hon. Richard Lee

Price is a duly elected and qualified Justice of the Supreme Court of New York and that his signature to said *certificate* is genuine.

We agree with appellant that this New York judgment is totally devoid of any indication, either in the judgment itself or in the certificates attached thereto, that the judgment was actually rendered, adopted or signed by a judge. A certain Richard Lee Price, who was certified to be a judge, simply certified that the attestation of the clerk, above referred to, as in proper order. The actual signature on the judgment is that of Norman Goodman, Clerk of the Court.

We are aware of the many authorities holding that the judges' signature is not necessary to make the judgment a final and valid one. However, we are not aware of any authorities that hold that the judge is not required to make a rendition or pronouncement of judgment, either orally or written or by memorandum filed with the clerk.

Appellee argues that any defects in the judgment or the certification is cured by the general rule of law to the effect that a default judgment admits facts which are properly alleged. Appellee contends since he alleged in his petition in the Texas Court all necessary jurisdictional facts that all of them are admitted by appellant's failure to answer and that therefore the fact that the judgment was properly rendered by the New York Court is admitted.

Appellee is correct that that is the general rule. See *Stoner v. Thompson,* 578 S.W.2d 679 (Tex.1979, no writ), but for reasons later stated we do not think that rule applies here.

Appellee did not plead and prove New York law so we must presume that the New York law on default judgments is the same as Texas law. *Harris v. Harris,* 403 S.W.2d 445 (Tex.Civ.App.—Houston 1966, no writ); Rule 184a Texas Rules of Civil Procedure.

Appellant relies in support of his attack on this foreign judgment on the case of *Mathis v. Wachovia Bank and Trust Co.,* N.A., 583 S.W.2d 800 (Tex.Civ.App.—Houston [1st Dist.], 1979, writ ref'd. n.r.e.), as a case similar on its facts to this one. In *Mathis,* appellee, a North Carolina bank obtained a money judgment against Patrick E. Mathis and his wife Kathleen Schmidt Mathis in the amount of $30,737.78. Kathleen did not answer and an interlocutory default judgment was taken against her in the North Carolina Court. The case against Patrick was tried to a jury, the only issue submitted being the question of whether or not Patrick was duly served with citation. The jury answered that he was so served. Judgment was then entered against both husband and wife, and they appealed. The court treated this as a default judgment case. The Mathises' first four points of error complained of the trial court's errors in admitting to full faith and credit a North Carolina judgment which shows on its face that it is not in compliance with Texas laws, which were applicable in that case, as here, since the bank failed to plead and prove North Carolina law in accordance with Rule 184a.

The general rule is that where a judgment of a sister state appears to be a valid, final and subsisting judgment by a court of general jurisdiction, its introduction makes a prima facie case for the party seeking to enforce it. *Mitchim v. Mitchim,* 518 S.W.2d 362 (Tex.1975, no writ); *Garman v. Reynolds,* 284 S.W.2d 262 (Tex.Civ. App.—Fort Worth 1955, writ ref'd). However, this is not the rule where default judgments are involved, and "Thus jurisdiction of a court to render a default judgment may not be sustained by the judgment recitals but must appear affirmatively on the face of the record." *County Clubs, Inc. v. J. Ward,* 461 S.W.2d 651 (Tex.Civ.App.— Dallas 1970, writ ref'd n.r.e.); *Jackson v. Randall,* 544 S.W.2d 439 (Tex.Civ.App.— Texarkana 1976, no writ).

A careful scrutiny of *Mathis v. Wachovia Bank and Trust Co., supra,* will reveal a situation strikingly similar to the one before us, and will explain our holding that the New York judgment involved here is not entitled to full faith and credit. The

court in *Mathis* set out the whole judgment taken against the Mathises' in North Carolina, and it is very much like the one in this case. It is not necessary to set out verbatim the North Carolina judgment involved in Mathis, but a few references thereto will be made to show its similarity with influence on the one in this case. In the first paragraph in the North Carolina judgment it was said: "THIS CAUSE coming on to be heard before the undersigned—Clerk of Superior Court of Forsyth County: . . . . ." The judgment then went on to recite some of the facts involved in this suit on a promissory note and security agreement and in so doing it used the phrase, "it appearing to the court".

The judgment in *Mathis* was signed by an assistant Clerk of Superior Court, followed by a certification by A.E. Blackburn, Clerk of the Superior Court that the annexed copies of the judgment signed by the Assistant Clerk, are true copies of the judgment, and also a certification by Blackburn, Clerk, to the effect that Charles T. Kivett is the Judge presiding over the Superior Court of the 21st Judicial District, including Forsyth County, and that the signature of said Judge to the *said certificate* is genuine.

Following all this was a certification by Charles T. Kivett, Judge of the 21st Judicial District of North Carolina that Blackburn is Clerk of the Superior Court of Forsyth County, North Carolina and that full faith and credit are due to his/her official acts. The judge's affidavit further certified that the seal is the seal of said Court and the *exemplification* is authenticated in due form and by the proper officer in his own handwriting, and in such a form and manner that it would be received in any court of this State, North Carolina.

The court in *Mathis* had the same difficulty with this judgment and certifications that we do with the one before us. The court said: "The opening phrase of the judgment: 'THIS CAUSE coming on to be heard before the undersigned Clerk of the Superior Court of Forsyth County:' causes this court some concern. Did the Clerk of the Superior Court actually hear the evidence in such capacity? If so, why was the judgment signed by Frances Storey, Assistant, rather than the Clerk, A.E. Blackburn? The recitations in the body of the judgment seem to indicate that the facts were 'appearing to the court'. *Nowhere in the judgment nor in the certifications attached thereto, can this court find any indication that the judgment was rendered, adopted, or signed by Judge Kivett.*" [Emphasis added.]

■ We think exactly the same thing can be said of the judgment under consideration here. We do not find anything in Doxsee Food Corp. judgment, nor the certifications attached thereto, that the judgment was actually rendered, adopted or signed by Judge Richard Lee Price. For this reason we hold that the judgment, under Texas law, was void and not entitled to full faith and credit in the Texas District Court.

■ By so holding, we, of course, are also holding that in the case of a default judgment involving a suit to give full faith and credit to a foreign judgment, the defaulting party, under the authority of the Mathis case, *Mitchim v. Mitchim, supra, Garman v. Reynolds, supra* and *Moody v. First National Bank of Dona Ana County,* 530 S.W.2d 879 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.) does not admit jurisdictional facts involved in the foreign judgment. We hold, under the above authorities and others therein cited that the jurisdictional facts must appear on the face of the record.

■ Appellant's second point of error alleges that the Texas trial court also erred in granting full faith and credit to the New York judgment because there was no proof of proper service on appellant in the New York proceeding. Appellee says that the fact of proper service and all other jurisdictional facts are admitted because of appellant's default in the Texas Case. For the reasons stated above, we also sustain Appellant's second point of error and hold that in a suit to enforce or give full faith and credit to a foreign judgment in a Texas Court, that jurisdictional facts are not ad-

mitted by the defendant's failure to answer and appear, but that they must appear on the face of the record. See *Mathis v. Wachovia Bank and Trust Company, N.A.,* supra.

Reference to two other cases may be helpful. In *County Clubs, Inc. v. Ward,* 461 S.W.2d 651 (Tex.Civ.App.—Dallas 1970, writ ref'd n.r.e.), in an opinion by Justice Claude Williams, the court, in full faith and credit case attempting to enforce a Kentucky judgment in Texas, held "The record here demonstrates clearly that there has been no strict compliance with the Kentucky 'Long Arm Statute' and that, regardless of the recitation contained in the Kentucky judgment, the court of our sister state acquired no jurisdiction over the Texas corporation. Not being a valid judgment in Kentucky the Texas court was completely without authority to breath life into it and render judgment based thereon".

Our Supreme Court in *McKanna v. Edgar,* 388 S.W.2d 927 (Tex.1965, no writ) in passing upon a similar question concerning sufficiency of notice under the Texas "Long Arm Statute" not only reiterated the rule that the provided mode of service contained in the statute must be strictly complied with but also that the ordinary presumptions in support of the judgment (including presumptions of due service of citation when the judgment so recites) are not available in attacks against default judgments. The court in *McKanna* held that in a case such as this no inference of essential jurisdiction of facts are to be inferred but must affirmatively appear on the face of the record. See also *Aetna Casualty and Surety Co. v. Dobbs,* 416 S.W.2d 869 (Tex.Civ. App.—Eastland 1967, no writ), *Bankers Life and Casualty Co. v. Watson,* 436 S.W.2d 404 (Tex.Civ.App.—Tyler 1969, writ ref'd n.r.e.). Thus jurisdiction of a court to render a default judgment may not be sustained by the record. *Flynt v. City of Kingsville,* 125 Tex. 510, 82 S.W.2d 934 (Tex.Comm'n.App.1935, opinion adopted, no writ); *Harris v. Hayles,* 433 S.W.2d 250 (Tex.Civ.App.—Texarkana 1968, no writ).

Reversed and remanded.