**MEDICAL ADMINISTRATORS, INC., Appellant,**

v.

**KOGER PROPERTIES, INC., Appellee.**

**No. 01–83–0111–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 1, 1983.

Rehearing Denied April 12, 1984.

Murry Lieberman, Houston, for appellant.

Ronald Meek, Houston, for appellee.

Before WARREN, DOYLE and DUGGAN, JJ.

**OPINION**

DUGGAN, Justice.

This is an appeal from the order of a district court enforcing a Florida judgment. In five points of error, the appellant alleges patent deficiencies in the judgment, in the attestation of the judgment by the foreign clerk, and in the certification of the attestation by the foreign judge.

A Summary Final Judgment was entered by the Circuit Court in and for Pinellas County, Florida, Circuit Civil No. 80–10071–12, in favor of Koger Properties,

Inc. (hereinafter "Koger") against Medical Administrators, Inc. (hereinafter "Medical Administrators") in the amount of $38,-361.71. The judgment recited that the court reserved jurisdiction to consider additional attorney's fees incurred in supplementary proceedings to effectuate the execution and collection of the judgment. Appellee, Koger, brought the present suit against appellant, Medical Administrators, to enforce the Florida summary judgment.

Koger first sought but failed, because of improper authentication of the subject Florida judgment, to obtain a summary judgment on its pleadings. Koger then amended its petition to proceed under the Uniform Enforcement of Foreign Judgments Act, Tex.Rev.Civ.Stat.Ann. art. 2328b-5 (Vernon Supp.1983) (hereafter "UEFJA"), and filed a judge's certificate authenticating the Florida court clerk's attestation of the exhibit copy of the "Summary Final Judgment" rendered there. Following a hearing with counsel for both parties present, the district court in Harris County entered its order "that the Clerk of this Court shall treat the Foreign Judgment in the same manner as a Final Judgment of this Court."

The exhibits admitted to prove Koger's action were the following: (1) A copy of the Florida judgment which bore the stamped signature of Judge Mark R. McGarry, Jr., and which also bore an attestation by the Clerk of the Court (signed by a deputy) that the copy of the Judgment was a true copy as it appears among the files and records of the court; and (2) A judge's certificate authenticating the attestation of the Clerk.

We first consider appellant's fourth and fifth points of error, which attack the admissibility of the Florida judgment as evidence before the Texas court because of alleged deficiencies in the clerk's attestation of the judgment. The fourth point of error urges that the clerk of the Florida court did not attest that Mark R. McGarry, Jr., is the judge who rendered the judgment; that he is the Judge of the Circuit Court; or that his genuine signature appears thereon. The fifth point argues that the attestation was made by the deputy clerk rather than the clerk of the foreign court.

The law in this area is basic and well-established. *Hamilton v. Newbury,* 412 S.W.2d 801, 805 (Tex.Civ.App.—Dallas 1967, writ ref'd n.r.e.). It is fundamental that a state must give the final judgment of a sister state the same force and effect as it is entitled to in the state in which it is rendered. U.S. Const. Art. IV, § 1. When a plaintiff sues upon a judgment of a sister state in Texas and introduces his judgment, authenticated as provided by 28 U.S.C. § 1738, he thereby establishes a prima facie case. *Hamilton v. Newbury, supra.* Records and judicial proceedings of another state are proved by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form. 28 U.S.C. § 1738. Moreover, § 1738 is not the exclusive procedure for authenticating the judgment of a sister state. Evidence of judicial proceedings of another state may be admissible if less is shown than required by the federal statute, so long as it conforms to the rules of evidence of the state where the trial is being held. *Donald v. Jones,* 445 F.2d 601, 606 (5th Cir.1971), *cert. denied,* 404 U.S. 992, 92 S.Ct. 537, 30 L.Ed.2d 543.

In Texas, the enforcement of foreign judgments is governed by the Uniform Enforcement of Foreign Judgments Act, Tex.Rev.Civ.Stat.Ann. art 2328b-5 (Vernon Supp.1983), which provides a simplified procedure for the registration and enforcement of foreign judgments. Section 2 of the act provides:

A copy of any foreign judgment authenticated in accordance with an act of congress *or statutes of this state* may be filed in the office of the clerk of any court of competent jurisdiction of this state. (Emphasis added.)

Tex.Rev.Civ.Stat.Ann. art 3731a, § 4 (Vernon Supp.1983), provides that foreign judgments and other official papers may be evidenced "by a copy or electronic duplica-

tion attested by the officer having the legal custody of the record, or by his deputy." The attestation must be accompanied by a certificate that the attesting officer has the legal custody of such writing and may be made by a judge of a court of record of the district or political subdivision in which the record is kept, authenticated by the seal of his office. *Id.*

■ Appellant cites no authority suggesting that the clerk's attestation is defective because it omits the facts stated in appellant's fourth point of error, and neither federal nor Texas law requires the clerk to attest to such facts. The appellant has not met its burden of showing omissions or defects in the clerk's attestation which would cast doubt upon the presumed validity of the foreign judgment. *See Paschall v. Geib,* 405 S.W.2d 385 (Tex.Civ. App.—Dallas 1966, writ ref'd n.r.e.).

■ Appellant's objection that the judgment was attested to by a deputy clerk is likewise without merit. *Edwards v. Smith,* 137 S.W. 1161 (Tex.Civ.App.—San Antonio 1911, writ dism'd), cited by appellant, is inapplicable. *Smith* dealt with an authentication under the predecessor statute to 28 U.S.C. § 1738, and did not involve authentication under Texas law. As stated, Article 3731a § 4, *supra,* specifically authorizes the clerk's attestation to be made by his deputy.

Appellant's fourth and fifth points of error are overruled.

Appellant's third point of error alleges that the Florida judgment's language reserving jurisdiction "to consider additional attorney's fees incurred in supplementary proceedings to effectuate execution and collection" makes the judgment not final, but interlocutory, and that the Texas court thus erred in giving it full faith and credit.

■ As stated in *Beavers v. Beavers,* 651 S.W.2d 52 (Tex.App.—Dallas 1983, no writ):

The general rule is that a judgment leaving any of the issues in the case open for later decision is interlocutory and not appealable. [citing authorities] On the other hand, a judgment otherwise disposing of all issues between the parties is not rendered interlocutory if further proceedings may be required to carry the judgment into effect or incidental matters remain to be settled. [citing authorities]

651 S.W. at 54. Thus, a judgment may be final even though further proceedings incidental to its proper execution are provided for on the face of the judgment. *See Hargrove v. Insurance Investment Corporation,* 142 Tex. 111, 176 S.W.2d 744, 747 (1944) (collection or enforcement of one-half of the amount awarded to plaintiff was deferred pending the outcome of other litigation); *Moody v. State,* 520 S.W.2d 452 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.) (receiver was subject to further review and order of Alabama court). The Texas Supreme Court in *State of Washington v. Williams,* 584 S.W.2d 260, 262 (Tex.1979), considered a foreign judgment final in spite of the Washington court's retention of jurisdiction to modify, clarify, and enforce the injunctive provisions of its judgment.

*Simonsen v. Simonsen,* 414 S.W.2d 54 (Tex.Civ.App.—Amarillo 1967, no writ), cited by appellant, is distinguishable in that the Arizona judgment there involved awarded the Arizona resident wife a decree of separation but recognized that it lacked personal jurisdiction of the Texas resident husband. The Arizona Court retained jurisdiction to determine alimony, child support and attorney's fees, all appropriate matters for a final judgment. The undecided matters were substantive, and not simply incident to the execution and collection process.

■ By way of contrast, the Florida summary judgment here involved concluded there were no issues of material fact and left nothing to be done except the execution and collection of the judgment. It would be conclusive on the merits if execution were being sought in Florida, and the portion of the judgment appellee seeks to enforce in Texas has been finally resolved.

Appellant's third point of error is overruled. *See Beavers, supra,* at 54.

The copy of the Florida judgment relied upon by the Texas court bears, in place of the judge's signature, the stamped name, "Mark R. McGarry, Jr.," followed by the words "Circuit Judge." Appellant's first point of error complains that there is no indication, either in the judgment itself or in the certifications attached thereto, that the Florida judgment was actually rendered, adopted, or signed by Judge Mark R. McGarry, Jr. The second point of error is that the judgment itself was not signed by Judge Mark R. McGarry, Jr.

 As previously mentioned, where a foreign judgment appears to be a valid, final, and subsisting judgment entered by a court of general jurisdiction, as is the case here, its introduction makes a prima facie case for the party seeking to enforce it, and the burden of showing its invalidity is upon the party attacking it. *Mitchim v. Mitchim,* 518 S.W.2d 362, 364 (Tex.1975). This distribution of burdens is reflected in Section 4(b) of the UEFJA, *supra,* which provides for the staying of enforcement of a foreign judgment "[i]f the judgment debtor shows the court any ground on which enforcement of a judgment of the court of this state would be stayed."

The only exceptions to this presumption of validity appear to have been in cases involving foreign default judgments which show on their face that they were not signed by a judge, but by a clerk. The appellant has cited two such cases in arguing its first and second points of error: *Interamerican Lambs Wool Products, Ltd. v. Doxsee Food Corporation,* 642 S.W.2d 823 (Tex.Civ.App.—Fort Worth 1982, no writ), and *Mathis v. Wachovia Bank and Trust Co., N.A.,* 583 S.W.2d 800 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). In both of these cases, however, the court recognized that the signature of a judge is not required to make the judgment a final and valid one. 642 S.W.2d at 825, 583 S.W.2d at 804. *See also Dunn v. Dunn,* 439 S.W.2d 830, 832 (Tex. 1969).

 Moreover, if no judgment had been rendered against appellant in Florida, the absence of such a record could have been shown pursuant to Tex.Rev.Civ.Stat.Ann. art. 3731a § 5 (Vernon Supp.1983). No such showing has been made, and we conclude that appellant has not discharged its obligation to show that the Florida judgment should not be enforced. Appellant's first and second points of error are overruled.

The judgment is affirmed.