**CAL GROWERS, INC., Appellant,**

v.

**PALMER WAREHOUSE AND TRANSFER COMPANY, INC., Appellee.**

No. C14–84–488CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 3, 1985.

Timothy A. Beeton and Scott Kimball, Beeton & Eddings, Houston, for appellant.

Harvey F. Cohen, Henri-Ann Nortman, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a summary judgment granted to the appellee. The trial court granted appellee's Motion for Summary Judgment which alleged that appellant's California judgment against appellee was not entitled to full faith and credit in Texas. We hold the trial court erred in granting the appellee's motion.

Appellant filed its Original Petition seeking to enforce a default judgment entered against the appellee in California in the amount of $20,460.50. The appellee an-swered by general denial and affirmatively alleged the judgment was not entitled to full faith and credit because it was not actually rendered, adopted or signed by a judge in California. Appellee subsequently filed a Motion for Summary Judgment based on this same contention. Appellant's response to the motion challenged the sufficiency of proof to support the appellee's contention and specifically requested the trial court to take judicial notice of § 585 of the California Code of Civil Procedure which authorizes the clerk to enter a default judgment. The trial court granted appellee's Motion for Summary Judgment.

In a single point of error the appellant contends the trial court erred in granting the appellee's Motion for Summary Judgment because 1) the motion was insufficient as a matter of law, 2) the trial court failed to take judicial notice of the laws of California as requested, and 3) the motion was directed to a defect in appellant's pleadings which the appellant was not given an opportunity to amend.

The movant in a summary judgment proceeding, against whom all doubts are resolved, has the burden of establishing the absence of genuine issues of material fact and the right to judgment under those undisputed material facts as a matter of law. Tex.R.Civ.P. 166–A(c); *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979). Where the movant relies on an affirmative defense, he must conclusively establish every factual element of the defense as expressly set forth in the motion. *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972). The appellee, therefore, must prove as a matter of law that the California judgment is not entitled to full faith and credit in the Texas courts.

The proof offered by the appellee in support of the motion was the California judgment itself and Texas case law holding that a judgment which does not indicate on its face that it was rendered, adopted or signed by a judge is not entitled to full faith and credit. *Mathis v. Wachovia Bank and Trust Co.,* 583 S.W.2d 800 (Tex.

Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). The judgment was, however, signed by a clerk. In its response to appellee's Motion for Summary Judgment the appellant specifically requested the trial court to take judicial notice of § 585 of the California Code of Civil Procedure, which authorizes the clerk to enter a default judgment. Appellant's response alleged a copy of the quoted statute was attached as an exhibit but the response filed with the court did not contain a copy of the statute. The trial judge refused to take judicial notice of the statute and granted appellee's motion.

Tex.R.Civ.P. 184a (Vernon 1976), the statute in effect at the time of this lawsuit, states the judge *shall* take judicial notice of the statutes of another state upon the motion of a party when the party furnishes the judge sufficient information to enable him to comply with the request. It is the appellee's contention that because the appellant never furnished the trial court with a copy of the statute, the information supplied to the judge was insufficient as a matter of law to enable the judge to take judicial notice of the California statute.

Texas case law does not hold that an actual copy of the foreign statute is required to give the judge sufficient information to take judicial notice of the laws of another state. *See Shaps v. Union Commerce Bank,* 476 S.W.2d 466 (Tex.Civ.App. —Beaumont, writ ref'd n.r.e.), *cert. denied,* 409 U.S. 1060, 93 S.Ct. 559, 34 L.Ed.2d 513 (1972) (court took judicial notice of Ohio laws when the defendant quoted from the statute); *Utica Mutual Life Insurance Co. v. Bennett,* 492 S.W.2d 659 (Tex.Civ.App.— Houston [1st Dist.] 1973, no writ) (holding there is no absolute rule to determine the sufficiency of information required as long as the motion for judicial notice sets forth with some particularity the law to be relied upon).

The case law cited by the appellee in support of its Motion for Summary Judgment is distinguishable in that in that case the non-movant failed to request the trial court to take judicial notice of the laws of another state. *See Mathis v. Wachovia Bank and Trust Co.,* 583 S.W.2d at 802. Here the appellant made a proper request that the trial court take judicial notice of the law of California and gave the judge sufficient information by citing the statute and the substance therein. The trial court erred in failing to take judicial notice of California law.

We hold the trial court erred in rendering summary judgment for appellee. Appellant's point of error is sustained.

The judgment is reversed and this cause is remanded to the trial court.