**Carol D. McFADDEN a/k/a Carol Weakley, Appellant,**

v.

**FARMERS AND MERCHANTS BANK OF LONG BEACH, A California Banking Corporation, Appellee.**

**No. 2–85–008–CV.**

Court of Appeals of Texas, Fort Worth.

May 9, 1985.

Dixon & Neuville, P.C., and Brian H. Clapp, Granbury, for appellant.

Seilheimer & Reid, P.C., and Edwin J. Seilheimer, Granbury, for appellee.

Before FENDER, C.J., and ASHWORTH and JOE SPURLOCK, II, JJ.

## OPINION

FENDER, Chief Justice.

This is an appeal from an order overruling appellant's motion to quash a writ of execution. We affirm the action of the trial court.

Appellee, Farmers and Merchants Bank of Long Beach, filed suit as judgment creditor in the district court of Hood County to enforce a judgment by default entered against the appellant, Carol McFadden (a/k/a Carol Weakley), in the Municipal Court of the Long Beach Judicial District, California. Appellee alleged in its pleadings that the California judgment was rendered by a court of general jurisdiction after due service of citation upon appellant in compliance with California law and was thus entitled to full faith and credit in Texas. On April 29, 1981, the trial court in the instant case rendered a default judgment against appellant, finding that appellant had been properly served in Texas, that the allegations in appellee's petition were admitted, that the California default judgment was a final valid and subsisting judgment and that appellant was thereby indebted to appellee for $2,884.96 with interest thereon at the rate of nine percent (9%) per annum until paid, plus court costs. Appellant did not challenge this judgment in any way until she filed her motion to quash execution October 23, 1984.

In one point of error, appellant argues the trial court erred in overruling her motion to quash because the underlying California judgment is void upon its face. Appellant has chosen to collaterally

**332**

attack the validity of the California judgment and to succeed she must show the judgment compalined of is absolutely void, not merely voidable. "If the court has jurisdiction, a judgment entered by default is as conclusive against collateral attack as any other form of judgment." *Carter v. G. & L. Tool Company of Utah, Inc.*, 428 S.W.2d 677, 682 (Tex.Civ.App.—San Antonio 1968, no writ). A judgment may be void for one of the following reasons only: 1) want of subject matter jurisdiction, or 2) want of jurisdiction over the parties. *Id.* Appellant argues the judgment is void because it is not signed by a judge. In support of her contention that the California judgment is void, appellant relies for authority on *Interamerican Lambs Wool v. Doxsee Food*, 642 S.W.2d 823 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.) and *Mathis v. Wachovia Bank & Trust Co.*, 583 S.W.2d 800 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). An examination of those cases reveals that they were direct attacks upon voidable foreign default judgments which recited that they were heard by "the court," but failed to have the signature of the trial judge anywhere upon the face of the judgment. In the case at bar, appellant is *collaterally* attacking the California judgment. Failure to bear the signature of the judge of the trial court does not, according to appellant's authorities, render a judgment void, merely voidable.

■ Additionally, appellant asserts that we must presume the Municipal Court of California is equivalent to a Texas Municipal Court and therefore without jurisdiction over the subject matter. The record before us is sketchy at best, with no statement of facts, findings of fact and conclusions of law. The transcript, which appears to contain less than the complete contents of the court's file, does not include a motion under TEX.R.CIV.P. 184a, for the court to take judicial notice of California law. By means of the pleading of both parties, the trial court had before it the question of whether the California judgment was a valid judgment entitled to full faith and credit. The trial court obviously ruled in favor of appellee that the California judgment was valid. It is the burden of the appellant to bring forward a sufficient record to show the error committed by the trial court in overruling the motion to quash. Where the record contains no statement of facts or findings of fact and conclusions of law, every presumption must be indulged in favor of the trial court's judgment. *Commercial Credit Corp. v. Smith*, 143 Tex. 612, 187 S.W.2d 363, 365 (1945). The trial court presumably found the California Municipal Court had jurisdiction over the subject matter of appellee's suit. Additionally, the courts of this State have long held that the presumption that foreign law is the same as Texas law cannot be used to overthrow the presumed validity of the judgment of a sister state. *Dowden v. Fischer*, 338 S.W.2d 534, 537 (Tex.Civ.App.—Waco 1960, no writ); *Roberts v. Hodges*, 401 S.W.2d 332, 334 (Tex.Civ.App.—Amarillo, 1966, writ ref'd n.r.e.).

■ The record before us does not reveal any failure of jurisdiction of the California court such as would render the judgment void. The action of the trial court in overruling the motion to quash writ of execution is affirmed.