**Barney WEAKLEY, Appellant,**

v.

**CHANDLERS FURNITURE CO.,
INC., Appellee.**

**No. 2–85–011–CV.**

Court of Appeals of Texas,
Fort Worth.

May 9, 1985.

Dixon & Neuville, P.C., and Brian H. Clapp, Granbury, for appellant.

Seilheimer & Reid, P.C., and Edwin J. Seilheimer, Granbury, for appellee.

Before FENDER, C.J., and ASHWORTH and JOE SPURLOCK II, JJ.

## OPINION

FENDER, Chief Justice.

This is an appeal from an order overruling appellant's motion to quash a writ of execution. We affirm the action of the trial court.

Appellee, Chandlers Furniture Co., Inc., as the judgment creditor, filed suit in the district court of Hood County to enforce a judgment by default entered against the appellant, Barney Weakley, in the Municipal Court of Central Orange County, California. Appellee filed its judgment in accordance with Uniform Enforcement of Foreign Judgments Act, art. 2328b-5 (Vernon Supp.1985). On April 3, 1984, the court entered an order domesticating the foreign judgment. Appellant did not appeal entry of that order. Over six months passed before appellant challenged the acceptance in Texas of the California judgment by means of his motion to quash writ of execution.

■ In one point of error, appellant argues the trial court erred in overruling his motion to quash writ of execution because the underlying California judgment is void upon its face. Appellant has chosen to collaterally attack the validity of the California judgment and to succeed he must show the judgment complained of is absolutely void, not merely voidable. "If

the court has jurisdiction, a judgment entered by default is as conclusive against collateral attack as any other form of judgment." *Carter v. G. & L. Tool Company of Utah, Inc.*, 428 S.W.2d 677, 682 (Tex.Civ. App.—San Antonio 1968, no writ). A judgment may be void only for one of the following reasons: 1) want of subject matter jurisdiction, or 2) want of jurisdiction over the parties. *Id.* Appellant complains the judgment is void because it is not signed by a judge.

■ Appellant relies for authority on *Interamerican Lambs Wool v. Doxsee Food* 642 S.W.2d 823 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.) and *Mathis v. Wachovia Bank & Trust Co.*, 583 S.W.2d 800 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.) for his contention the California judgment is void. An examination of those cases reveals that they were direct attacks upon voidable foreign default judgments which recited that they were heard by "the court", but failed to have the signature of the trial judge anywhere upon the face of the judgment.[1] In the case at bar, appellant is *collaterally* attacking the California judgment. Failure to bear the signature of the judge of the trial court does not, according to appellant's authorities, render a judgment void, only voidable.

Additionally, appellant asserts that we must presume the Municipal Court of California is equivalent to a Texas Municipal court and therefore without jurisdiction over the subject matter. The record before us is sketchy at best, with no statement of facts, findings of fact and conclusions of law. The transcript, which appears to contain less than the complete contents of the court's file, does not include a motion under TEX.R.CIV.P. 184a for the court to take judicial notice of California law. By means of the pleading of both parties, the trial court had before it the question of whether the California judgment was a val-

---

1. We note that the California judgment in question, entitled "Default by Clerk", is a form judgment, with *no* provision for it to be signed by the judge, under the particular circumstances involved. This peculiar action by the clerk is apparently in complete accord with California civil procedure statutes. *See:* California Code of Civil Procedure, sec. 585. (*Deering* Supp. 1985).

id judgment entitled to full faith and credit. The trial court obviously ruled in favor of the appellee that the California judgment was valid.

It is the burden of the appellant to bring forward a sufficient record to show the error committed by the trial court in overruling the motion to quash. Where the record contains no statement of facts or findings of fact and conclusions of law, every presumption must be indulged in favor of the trial court's judgment. *Commercial Credit Corp. v. Smith,* 143 Tex. 612, 187 S.W.2d 363, 365 (1945). The trial court presumably found the California Municipal Court had jurisdiction over the subject matter of appellee's suit. Additionally, the courts of this State have long held that the presumption that foreign law is the same as Texas law cannot be used to overthrow the presumed validity of the judgment of a sister state. *Dowden v. Fischer,* 338 S.W.2d 534, 537 (Tex.Civ.App.—Waco 1960, no writ); *Roberts v. Hodges,* 401 S.W.2d 332, 334 (Tex.Civ.App.—Amarillo 1966, writ ref'd n.r.e.).

The record before us does not reveal any failure of jurisdiction of the California court such as would render the judgment void. The action of the trial court in overruling the motion to quash writ of execution is affirmed.