**Marty A. GARRETT, Sr., Appellant,**

v.

**Barbara J. GARRETT, Appellee.**

**No. 12–91–00279–CV.**

Court of Appeals of Texas,
Tyler.

July 23, 1993.

Robert M. Bandy, Tyler, for appellant.

William Cornelius, Tyler, for appellee.

HOLCOMB, Justice.

This is an appeal from a summary judgment granting the ex-wife recovery of past-due unpaid alimony ordered by a foreign judgment. We will affirm.

Marty and Barbara Garrett were married in November, 1951, and divorced in Greene County, Ohio, in February, 1972. The divorce decree ordered Marty to pay Barbara $15.00 per week for as long as she lived or until she remarried. The payments were made until 1974 or 1975 when Marty moved to Texas. In December 1986, the payments were resumed at the rate of $65 per month after Barbara took action to be paid by the Air Force Accounting Center from Marty's Air Force retirement pay.

On January 17, 1991, Barbara filed suit to recover the alimony, $9,555.00, that was not paid from September, 1974, until December, 1986. Marty answered by a general denial. In response to interrogatories,

Marty admitted that the payments were stopped in September, 1975, and thus the amount not paid was only $8,775.00. Barbara then filed a motion for summary judgement asserting that there was no material issue of fact that Marty had not paid the alimony from September, 1975, to December, 1986, and had a principal balance of $8,775.00. Attached to the motion were the interrogatories and an affidavit by Barbara that the payments were not made from September, 1974, to December, 1986, and that she had not remarried. Marty responded to the motion and asserted that, first, the claim was barred by limitations under TEXAS CIVIL PRACTICE & REMEDIES CODE section 16.004, and second, that Texas did not recognize alimony, that enforcement of collection of alimony in arrears was against public policy, and that "Plaintiff has failed to prove up the opposite."

At the hearing [1] on the motion for summary judgment, Barbara argued that the action was not barred by limitations because it was a suit to enforce a judgment, but admitted the judgment had not been abstracted or filed "because we don't have a liquidated amount to put into the Texas courts." At the trial court's request Appellant responded to movant's assertion by saying:

> It is true I alleged that the statute of limitations was applicable here, but I think the real issue before this court is whether a judgment payable in installments is enforceable in another state under the Full Faith and Credit clause of the Constitution of the United States.

The trial court agreed that this was an action to enforce a judgment and a ten year statute of limitations applied. After Barbara argued that the Uniform Reciprocal Judgment Act made the judgment enforceable, the trial court said:

> I'm going to make my ruling in favor of full faith and credit of the Ohio judgment

and grant summary judgment. I wouldn't bet you a dollar ... that that won't be reversed on appeal....

The trial court granted the summary judgment and Appellant–Marty now brings two points of error; first, the trial court erred "since Appellee failed to plead and prove the elements necessary to maintain her cause of action," and, second, "[t]he trial court erred in basing its judgment on an unofficial assumption of law."

"Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered as grounds for a reversal." TEX.R.CIV.P. 166a(c); *see City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979). Appellant brought two issues to the trial court's attention, by way of response to the motion for summary judgment. The first issue was that two years had past since the last payment was due and recovery was barred by the two year statute of limitations. The second issue was that Texas did not provide for the payment of alimony, that payment of alimony in arrears was against Texas "public policy," and that the movant "has failed to prove the opposite, that being that it is not against public policy." Appellant argues neither of these points on appeal. Thus, Appellant is limited on appeal to the issues he brought before the trial court in the response to the motion for summary judgment or to a general point that there was not proof as a matter of law. *See Malooly Bros., Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex.1970). By his first point of error Appellant argues that a foreign judgment should not be given full faith and credit unless the finality of the judgment as to the unpaid installments of alimony was pled and authenticated.[2] To the extent this constitutes a general point of error that Appellee failed to prove her cause as a

---

1. While the arguments at a hearing on a motion for summary judgment are not evidence which can support or defeat a judgment, they are included here to help explain the subsequent procedural steps of the parties. *see McConnell v. Southside Indep. School Dist.,* 858 S.W.2d 337 (Tex.1993).

2. Appellant cites this court to a case that is unpublished. We remind Appellant that this is not allowed by TEXAS RULE OF APPELLATE PROCEDURE 90(i) and admonish him to refrain from this course in the future.

matter of law, it will be considered. TEX. R.CIV.P. 166a; *Malooly Bros.*, 461 S.W.2d at 121. The judgment of divorce was properly authenticated by the clerk of the Ohio court issuing the judgment. TEX.CIV.PRAC. & REM.CODE § 35.003 (VERNON 1986). The payment of alimony is in the part of the divorce decree that purports to memorialize an agreement between the parties. An agreement incident to divorce is a contract between the parties and is controlled by the law of contract not the law of judgments. *See Allen v. Allen*, 717 S.W.2d 311 (Tex. 1986). Appellee, in her petition, presented an authenticated judgment of the foreign court that facially is final in respect to the payment of alimony; as such it is to be given the full faith and credit as if it were a judgment of this jurisdiction. *See GNLV Corp. v. Jackson*, 736 S.W.2d 893 (Tex. App.—Waco 1987, writ denied). Contrary to Appellant's argument, the foreign judgment was authenticated and on its face it is final. To the extent it may be subject to modification it is the responsibility of the party attacking the judgment to show its invalidity. *Medical Adm'r, Inc. v. Koger Prop.*, 668 S.W.2d 719 (Tex.App.—Houston [1st Dist] 1983, no writ). Appellant did not present any evidence in his response to the motion for summary judgment that raised an issue of fact as to the lack of finality of the Ohio judgment. Thus, Appellant has waived this defense, if any existed, because "[i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." TEX. R.CIV.P. 166a(c), (f); *see also, Clear Creek*, 589 S.W.2d at 678; and *Youngstown Sheet & Tube v. Penn*, 363 S.W.2d 230 (Tex.1962) (defect in form is waived if not properly raised in the trial court).

By his second point of error Appellant states "The trial court erred in basing its judgment on an unofficial assumption of law." He argues that the trial court must have assumed that the Ohio judgment was final without taking judicial notice of the effect of Ohio law; alternatively the trial court must have assumed the law of Ohio was the same as the law of Texas. As we stated before, the trial court did not err in

treating the Ohio judgment as final. It was, therefore, unnecessary to assume the laws were the same.

Appellant's points of error are based on arguments not presented to the trial court and will not be considered here on appeal, therefore, they are overruled.

The judgment of the trial court is **affirmed.**